## No. 14,150.

STATE EX REL. MISS ELLA S. BENTON ET AL. VS. JAMES M. THOMPSON, JUDGE.

### SYLLABUS.

The Supreme Court will not *mandamus* a district judge to proceed to the taxing of the costs incurred by a succession, where, after hearing of parties upon a rule, it has been made to appear to him that the executrix of the succession has been removed from office, and no successor has yet been appointed contradictorily with whom the question of costs could be liquidated, and where the relators are not the parties to whom the costs are due, but universal legatees not yet ordered to be placed in possession.

A PPLICATION for a writ of *mandamus.*

---

*Stephen D. Ellis, Benjamin M. Miller,* and *Benjamin Rice Forman,* for Relator.

---

Respondent Judge in *propria persona.*

---

*Wickliffe & Falls, Madison & Stifft,* for Mrs. Rachel Benton.

396 SUPREME COURT OF LOUISIANA,

State ex rel. Benton et al. vs. Judge.

The opinion of the court was delivered by

NICHOLLS, C. J. Miss Ella S. Benton and Charlotte Benton, as universal legatees, and Mrs. Mary Monroe, as particular legatee of Edward B. Benton, pray that a writ of *mandamus* issue against the respondent judge, commanding him to execute the judgment of this court in the matter of the Succession of Edward B. Benton, Nos. 13,738 and 13,739, on the docket of this court, and to tax and fix the costs which the succession is condemned to pay, and to issue an execution against Rachel Benton, lately dative testamentary executrix, for the amount of said costs, and, in the alternative, that the court will render such order and relief in the premises as it may think a proper remedy to compel the execution of the judgment and the payment of the costs, according to its judgment in the said cases.

They pray for such general relief as to law and justice may appertain.

Relators allege that this court had adjudged in the two judgments which it had rendered in the cases referred to, that the costs of the litigation mentioned in said records should be paid by the Succession of E. B. Benton, and that according to the judgment of the court, on the oppositions to the account of Rachel Benton, as executrix, there was over six hundred and fifty-five dollars still in her hands, as executrix, over and above the amounts allowed by the court. That on said decree of the Supreme Court becoming final, they had filed certified copies thereof in the District Court of St. Tammany, and on the 17th of July, 1901, taken a rule upon Mrs. Rachel Benton, late testamentary executrix, to show cause why said judgments should not be executed and she should not pay said costs when taxed out of the funds remaining in her hands as executrix, and, in default thereof, why execution should not issue against her for the amount thereof in order that said judgments be executed.

That said rule was resisted by Mrs. Rachel Benton, and upon the trial thereof relators proved up certain costs which they enumerate. That by her second account it appeared that she had further received the sum of eight hundred and seventy-five dollars, out of which said costs should be paid, according to the judgment of the Supreme Court. That the respondent judge, after hearing of the rule on the 19th of July, took the same under advisement, and on the 7th of October, dis-

missed the same, and refused to execute the judgment of the Supreme Court on the alleged ground that Mrs. Rachel Benton, having been removed as executrix, could not be compelled to pay over any money in payment of costs which the succession was adjudged to pay.

That relators, as instituted heirs, were ready to take possession of said succession and there was no necessity for any further administration, as the instituted heirs then had the right to call upon the late executrix to pay over any money in her hands to them, and there was no further need of any further administration or executorship, and there was no dispute between the instituted heirs and the particular legatees, and the district judge refused to execute the judgment and order the payment of the costs out of the funds in the hands of the said dative executrix.

The district judge, in answer to the application for the *mandamus,* annexed copies of the rule, answer and reasons for judgment on the rule to tax costs, as a full explanation and justification of his course. He avers that this court ordered the costs of the Benton Succession to be paid by the succession and not by the deposed executrix. He denied having held the rule under advisement from July 19th, until October 7th, and states that it was heard on the 24th of July, 1901, just prior to his leaving the State on a leave of absence for several months; that the briefs of attorneys and the record were not received until after his return and, a few days thereafter, the rule was decided.

From the documents annexed to the judge's answer, it appears that on application made by the relators herein to the District Court for St. Tammany Parish, in the matter of the Succession of Edward B. Benton, No. 360 of the docket of that court, it ordered that the costs incurred in the suit entitled Rachel Benton, Dative Testamentary Executrix, vs. Ella Benton and Mrs. Mary E. Monroe, No. 405 of the docket of the District Court for St. Tammany, be taxed before the judge at the courthouse at Covington on the 24th of July, 1901, and a rule issue to Mrs. Rachel Benton to show cause, at that time and place, why she should not pay such costs when taxed out of the funds remaining in her hands as executrix of the said succession, and in case of her failure so to do, why an execution should not issue against her and the sureties on her bond on or before July 19, 1901.

In the application for this order and rule it was suggested and recited that the judgments of the Supreme Court in the matter of the Succession of E. B. Benton, and that in said suit No. 405 destituting

Rachel Benton as executrix and amending her account and directing that the succession costs and those of said suit be paid out of said succession had become final and had been filed and recorded in the office of the clerk of the District Court for St. Tammany Parish. That it appeared that by the account of said executrix as amended and finally settled by the judgment and decree in the matter of the Suc cession of E. B. Benton, there remained in the hands of the executrix the sum of about eight hundred and five dollars, which was applicable to the payment of the succession costs and those of the said suit No. 405.                                                                    ,

On the day fixed, Mrs. Rachel Benton answered the rule to show cause, urging a number of reasons why the said application of the relators should not be granted. She contended that having been removed, by judgment, from the office of executrix, she could not stand in judgment for the Succession of Benton, so far as the proceeding sought to fix any liability by taxing costs; that having been removed, she could not pay out any money of the succession, if any she had on hand, to creditors or others having claims against the succession, but only to her successor, the dative testamentary executrix, when appointed. That even if she had the capacity to stand in judgment, and could pay out money to creditors after her removal, she could only do so after the filing and homologating of an account containing such items either placed there originally or by opposition thereto, and a judgment thereon approving such accounts and directing such items to be paid. That this was not a proceeding whereby she could be compelled to pay out money of said succession, but same should be done and could only be done by way of opposition to her account which was filed on October 4, 1901, and which was awaiting trial or on opposition to some future account to be filed by her. That no execution could issue against her to satisfy a judgment against the Succession of Benton.

That no execution could issue against her sureties to satisfy a judgment against the Succession of Benton, except after legal proceedings had contradictorily with them. That, as shown by the provisional account filed by her on October 4, 1900, there was no money of the succession in her hands, but said succession was indebted to her. That the matter of the Succession of Benton was still pending and undetermined in the Supreme Court. That the costs in the suit No. 405 could not be taxed under the rule before the court as it was an

entirely separate and distinct proceeding. The district judge, after hearing, dismissed the rule at the costs of the plaintiff and this proceeding followed.

In his reasons for dismissing the rule, the district judge said: "The only defendant in a rule against a succession is the officer who has been appointed to represent it. I cannot see how a court can be asked to tax costs against a succession not represented. When an executrix has been removed, she can perform but one act. That is to settle with the officer appointed to succeed her. In Collins vs. Hollier, 13 Ann. 585, the court held that "creditors cannot compel the distribution of the funds of the estate by a destituted administrator. They must pursue their remedy against the new administrator to be appointed, who is authorized to demand a full account of the former administrator. This decision is sustained in Chaffe vs. Farmer, 36 Ann. 819. Any payment of funds to creditors is a distribution of the funds of the succession. At least a portion of the costs were not on the account already passed upon. I think these claims must be taxed contradictorily with a legal representative of the succession. It is a singular fact that the parties who are pressing this rule are not in any manner interested in the matter except that the payment of the bills will reduce the sums coming to two of them. They are championing not their own rights, but those of the creditors of the succession."

## OPINION.

The district judge has not refused to execute the judgment of this court. On the contrary, upon the application of relators, he set on foot measures looking to the taxing of the costs. On the trial of a rule having that object in view, it was made to appear to him that the legal situation was such as to necessitate postponement of the consideration of the subject until the costs could be liquidated contradictorily with a legal representative of the succession. In his opinion, the dative testamentary executrix first appointed having been removed from office was no longer able to stand in judgment for the succession.

The position taken by him does not evidence refusal on his part to perform duties which were incumbent upon him. Litigants are necessarily subject to some delay. The reasons assigned by the judge justify his course. Relators assert that the situation is such as to entitle them to presently take possession of the assets of the succession. We are not prepared to accept the statement as correct with the lights

before us, and if the situation be really such as relators claim it to be, the proper course to pursue would be to apply to be placed in full possession contradictorily with all parties in interest.

If relators have themselves paid costs they would be entitled to receive to that extent a larger amount from the destituted executrix than they could otherwise claim. There are no holders of claims for unpaid costs seeking relief in this proceeding. For the reasons assigned, the orders heretofore issued herein are set aside and the *mandamus* applied for is refused at relators' costs.