Statement of the Case.
NICI-IOLLS, J.
In their application for a mandamus relators (who were plaintiffs in *325 the suit of J. Sully Martel v. Jennings-Heywood Oil Syndicate et al., 38 South. 253,[2] on the docket of the Supreme Court) aver: That a final judgment had been rendered in that suit recognizing plaintiffs to be the owners of an undivided one-fifth interest of a certain tract of land described in their petition, and of all the oil produced therefrom, and also reinstating a writ of sequestration, which had been issued in said suit against the oil produced from said property. That this honorable court further rendered judgment condemning the Jennings-Heywood Oil Syndicate, defendant in said suit, a corporation organized under the laws of Louisiana and domiciled in the parish of Calcasieu, Alba Heywood, being president of same, to pay all the costs therefor. That said suit was remanded to the lower court for the sole and only purpose of enabling an accounting to be had between the parties, to arrive at the quantity of oil produced, and at the actual expense of producing, preserving, and marketing same, which expense was to be paid by petitioners before being placed in possession of said oil.
That upon said cause being remanded the Honorable Philip S. Pugh, judge of the Eighteenth judicial district court, from which said cause was appealed, promptly ordered the reissuance of the said sequestration as decreed by this honorable court, and that under said sequestration the sheriff seized and .took into his possession something over a' million and half barrels of oil, which oil he has continued to hold down to the present time.
That J. L.' Murrel, the sheriff of the parish of Acadia, had incurred expenses in maintaining said sequestration of $1,757.50 from the date of the reissuance thereof, under the judgment of this court, down to the 1st day of August, 1905, which expenses were for the .wages of keepers necessarily employed to hold and guard said oil, and which were costs of court, for which said Jennings-Heywood Oil Syndicate had been decreed liable by this court. That petitioners demanded payment of said bill of the said Jennings-Heywood Oil Syndicate, and were refused, and that thereupon petitioners instituted a rule before said Honorable Philip S. Pugh, judge, to show cause why said costs should not be taxed against said Jennings-Heywood Oil Syndicate under the aforesaid judgment of this court, but that, after hearing said rule to show cause, said Philip S. Pugh declined to tax same against said Jennings-Heywood Oil Syndicate, as he was imperatively required to do under the aforesaid judgment of this court. That, in order to compel the enforcement of the judgment of this court, mandamus should issue against said Philip S. Pugh, judge, ordering and commanding him to tax said costs against said Jennings-Heywood Oil Syndicate. That due notice had been given in writing to the counsel for the Jennings-Heywood Oil Syndicate and to Philip S. Pugh, judge, of petitioners’ intention to apply for this mandamus.
In view of the premises petitioners prayed that a mandamus issue herein ordering and commanding said Philip S. Pugh, judge, to enforce the judgment of this court, heretofore rendered in the above numbered and entitled cause, by taxing against the Jennings-Heywood Oil Syndicate as costs the aforesaid bill of the sheriff, incurred in the execution of the writ of sequestration reinstated by this court. Petitioners further prayed that due notice of this application be given the parties in interest, and that they be finally awarded such equitable relief as might seem to the court to be required.
The district judge, having been ordered to show cause why the application should not be granted and the writ issued, answered that relators, in behalf of the sheriff of the parish of Acadia, having ruled the defendants to show cause why his bill should *326 not be taxed against them under the judgment rendered in the .suit entitled J. Sully Martel et al. v. The Syndicate, he, after hearing, refused to tax against the defendants all costs accruing after the final decision of the original action by the Supreme Court, but did tax against the defendants all costs incurred prior thereto.
That all future costs of the sheriff from the rendition of the final judgment by the Supreme Court, including keepers’ fees and costs of storage of oil on hand, were held in abeyance by this court until judgment had been rendered by this court in the action for accounting, for which the case had been specially remanded.
That, while the sequestration was maintained and perpetuated, it might be possible on the trial of the issues that the account of the defendants would 'be more than the value of the oil on hand, and in that event the costs would apparently have to be borne by the plaintiffs. If, on the other hand, the value of the oil exceeded the demands of the defendants, then the costs would have to be borne by the defendants, and in either event the plaintiffs would be primarily bound to the sheriff for all costs. It is questionable whether in any event the oil itself could be held by the sheriff for his costs, and that it is right and proper that he should be protected in the exercise of a ministerial duty.
That the said relators having submitted themselves to the jurisdiction of this court, and having invoked his aid in behalf of the sheriff, their only remedy is by an appeal from the judgment rendered by this court, and not by a mandamus proceeding.
And, further answering, respondent averred that he had no desire to trench upon the powers of the upper court, nor to act in any manner contrary to the judgment rendered, but that he considered that under the law this is a matter which was to be determined by him upon the trial of that branch of the case which was remanded, and that all costs accruing since the rendition of the final judgment of the Supreme Court were to be considered by him when the suit for settlement and accounting was decided, and that, while defendants in the main action were responsible for all costs up to the rendition of the final judgment, yet all future costs were to be determined by this court as above stated.
That respondent had annexed copy of relators’ petition, with sheriff’s bill and the judgment of the court thereon, to the proceedings in No. 15,844 (In re J. Sully Martel et al., 39 South. 705),[3] applying for writ of prohibition, to which reference was now made.
In view of the premises respondent prayed that in passing upon this proceedings the court direct him upon the point as to whether in a judicial sequestration the oil itself could be- held for costs, whether the court has the authority under the law to order the same sold for the payment of the sheriff’s costs, and, also, as to whether plaintiffs or defendants, at whose instance judicial sequestration was obtained, could not be compelled by law to advance money from time to time to pay the necessary expenses for the preservation and storage of the oil sequestered, so that hereafter respondent would understand what the court desired, and govern himself accordingly.
In view of the premises he prayed that he be dismissed at costs, and that the writ of mandamus herein prayed for be denied.
Opinion.
This application was based upon the theory and belief that this court, in the judgment rendered by it in the suit upon its docket numbered 15,305, entitled Martel et al. v. Jennings-Heywood Oil Syndicate, 114 La. 351, 38 South. 253, had, in decreeing that the defendants in that suit pay all costs *327 of suit, placed matters in that suit as to costs in such a condition as to make it the duty of the district court on the remanding of the case, upon application made to it hy the present relators, to tax the expenses which would he incurred hy the sheriff (after the reinstatement hy the district court of the sequestration which it had previously set aside) in maintaining that reinstated sequestration, and which expenses were stated to amount to $1,757. That in refusing to tax such later expenses as costs upon relators’ demand, the judge was violating the orders of this court, and should be compelled by it to do so by mandamus. Relators are in error in supposing that our decree covered any expenses and costs other than those which had been incurred up to the time of its rendition. Referring to that subject, we said:
“The question of expenses is one of much difficulty and complexity and the pleadings and the evidence are not sufficient to enable it to pass on that question, and therefore it is forced to remand the cause on that point.”
The cause was in fact remanded, with leave to plaintiffs to amend their pleadings for the purpose of determining the quantity of oil to which they were entitled and the expense to be reimbursed or deducted, and for an accounting between the parties. The question of expenses and future costs was left by our decree an open question, to be thereafter settled in the district court.
It is not asserted by relators that any such accounting had been asked for or taken place between the parties, or that'their respective liability- as to such future expenses and costs have as yet become fixed and determined. We do not find that the district judge has refused to obey our judgment, and therefore subjected himself presently to mandamus. On the contrary, he has, according to his answer, liquidated and settled the rights of a-Il parties up to the time of the remanding of the cause. I-Ie has simply held the question of the future costs and expenses of the sheriff in abeyance until judgment should be rendered by it in the action for accounting, for which the case has been specially remanded. Non constat what will be, ás between the parties to the suit, the result of the accounting. We do not think we would be warranted in interfering in the case in its present condition. It is to be noted that the sheriff is not presently before the court seeking a liquidation and settlement of his expenses, but that the plaintiffs are moving in this matter, and solely in their own interest.
We do not think that this application for a mandamus is well founded. State ex rel. Benton v. Thompson, 106 La. 395, 30 South. 899; Code Prac. art. 551.
The district judge requests the Supreme Court, in passing upon the issue submitted to it on this application, to instruct him as to the course which he should follow touching a number of matters which he sets out; but we cannot do so by anticipation. They are matters which will have to be raised and decided in the district court, and we can deal with them and they should reach us on an appeal. The orders hereinbefore granted are set aside, and relators’ application for a mandamus is rejected, with costs.

 Ui La. 351.

 Ante, p. 616.