## DE LIZARDI et al. v. GOSSETT, Executor.

Where no time is stipulated in the contract of partnership for the payment of the amount to be contributed by a partner *in commendam*, the latter will be responsible to the creditors of the partnership for interest on the amount unpaid only from judicial demand.

After the dissolution of a partnership any one of the creditors may sue the succession of a deceased partner *in commendam*, without making the other creditors parties, and may obtain judgment for the amount of his claim to be paid out of any balance due by the deceased on account of the capital which he bound himself to furnish ; but where, in such a case, the petition admits the existence of other creditors, and the amounts due them, from which it appears that there will be a deficiency of assets, and an unconditional judgment in favor of plaintiff might do them irreparable injury, the court, in the absence of any provision of law for such a case, under the powers conferred by art. 21 of the Civil Code, will resort to proceedings analogous to those by which the courts of other States have reached the equity of such cases, and will order a general administration of the amount due by the deceased, for the benefit of the creditors of the partnership.

APPEAL by the plaintiffs from a judgment of non-suit, rendered by the Court of Probates of New Orleans, *Bermudez, J.*

The judgment of the court was pronounced by

ROST, J.   In January, 1839, *Jesse Strong* formed a partnership *in commendam* with *Andrew Bowles*, and agreed to furnish the sum of $30,000, to be employed by the said *Bowles*, in his own name, in the prosecution of commercial operations in the city of New Orleans, on condition of receiving one-fourth of the profits, and of being liable for one-fourth of the losses and expenses up to the amount furnished.   No time was specified for the payment of that sum, and only a part of it was paid.

The partnership went into operation, and, in the month of March next following, *Andrew Bowles*, having purchased a large quantity of cotton, shipped it to the plaintiffs' house in London, and at the same time drew bills upon said house to the amount of £17,470, 13s. 11d. sterling, which bills were duly accepted and paid.   The cotton was subsequently sold at a great loss, and, after receiving the proceeds of the sale, the plaintiffs remained the creditors of *Andrew Bowles*, in the sum of £8,286 sterling, which sum, at the then current rates of exchange, amounted to $41,430.

On the 18th of May, 1839, the partnership *in commendam* was dissolved, and, shortly after, *Andrew Bowles* absconded, and has not since been heard of.   No steps appear to have been taken by his creditors to settle his affairs.

In January, 1841, *Jesse Strong* placed in the hands of the plaintiffs the sum of $14,000, to be retained by them as a set off against their claim on the late firm of *Andrew Bowles*, and on condition, " that if, upon a final liquidation of the affairs of said firm, it is found that *Jesse Strong* is not bound to contribute thereto so large an amount, or, that being so bound, it shall appear in a *pro ratá*

distribution that the plaintiffs are not entitled to so large a dividend as the sum placed in their hands, they shall refund either to *Jesse Strong* or the creditors, as the case may be, such portion of said sum received by them over and above their share; it being well understood that the arrangement is not in any·shape or way to prejudice .the interests of, or prefer them to, the other creditors, or in any way to extend or affect the liability of *Jesse Strong*, as partner *in commendam*."

*Jesse Strong* subsequently died, and the plaintiffs now claim from his executor the balance of the $30,000, not furnished by him to the partnership. The counsel for the defendant admits that a balance of $6,284 89 cents is due on the capital, and we are satisfied from the evidence that it does not exceed that sum. As no time was stipulated in the contract for the payment of it, legal interest is due on that balance from the judicial demand only.

The Court of Probates nonsuited the plaintiffs for want of jurisdiction to settle and determine their rights, and those of the other creditors of *Andrew Bowles*, in the succession of *Jesse Strong*, and we are not prepared to say that it erred. But as this cause may now be remanded to a court of general jurisdiction, the opinion we have formed on its merits, makes it it incumbent upon us to do so.

Art. 2813 of the Civil Code provides that, in partnerships *in commendam*, if any part of the capital be unpaid, the partner *in commendam* is liable for that amount, and no more, to the .creditors of the partnership. No steps having been taken to settle the.affairs of *Andrew Bowles*, and none being imperatively .required by law, the plaintiffs' right to maintain their present action, without making the other creditors parties to the proceedings, cannot be doubted ; and yet, as they admit the existence of other creditors, whose claims amount to over $11,000, there appears to be a deficiency of assets, and an unconditional judgment in favor of the plaintiffs might work an irreparable injury to those creditors.

Our laws have not provided for such an.emergency; but art. 21 of the Civil Code ordains that, in civil matters, where there is no express law, the judge is bound *to proceed and decide* according to equity. Commanded to proceed in this cause and to decide it justly, notwithstanding the silence of the law, we consider it safe to resort to proceedings analogous to those by which the courts of the other States have reached the equity of cases of this description, and to make a decree for the general administration of the fund in the hands of the defendant. Story, Equity Pleadings, p. 91–104 and notes.

It is, therefore, ordered that the judgment of the Court of Probates be reversed, and that there be. judgment in favor of the plaintiffs for the sum of $6,284 89 cents, with interest at the rate of five per cent per annum, from 7th day of November, 1840, till paid, to be classed in the regular course of the administration of the succession of *Jesse Strong*, and to be paid over as provided by this decree.

It is further ordered and adjudged, that this case be remanded to the Second District Court of New Orleans, with the following directions : that, if within thirty days from the filing of the mandate of this court in the court of the first instance, the creditors of *A. Bowles* obtain against him a decree for a forced surrender, and proceed to cause a syndic to be appointed, the amount of this judgment and interest be paid over to said syndic, when duly qualified, to be by him administered in due course of law. That should the creditors not obtain a

De Lizardi
*v.*
Gossett.

DE LIZARDI
*v.*
GOSSETT.

forced surrender, the court, at the expiration of thirty days, shall cause thirty days further notice to be given, by six advertisements, in two newspapers, to the creditors of *Andrew Bowles* and all other parties interested, to make proof before said court, contradictorily with the plaintiffs and with each other, of any claim they may have to the fund held by the defendant; and that, after ninety days from the filing of the mandate in the court of the first instance, the said fund be distributed among the plaintiffs and all other parties entitled thereto, agreably to their just rights and privileges. That if, within the above delay of ninety days, no person appears and proves his claim to said fund, or any part thereof, the amount of this judgment and interest be paid over to the plaintiffs.

It is finally ordered, adjudged and decreed, that the defendant and appellee pay the costs in both courts, out of the assets of the succession he represents.

*L. Janin*, for the appellant.   *Preston*, for the defendant.