### No. 8850.

### J. C. MORRIS VS. MRS. CAIN ET AL., EXECUTORS.
### MOSES LOBE & CO., INTERVENORS.

The adjudicatee of property at judicial sale, being entitled to pay but once to receive a clean unincumbered title, when harrassed by conflicting claims of mortgage and other rights, may call the various claimants to interplead and settle their claims contradictorily with each other, to the end that he may pay advisedly to his secure exoneration.

Under the peculiar constitution and rules of the Civil District Court for the Parish of Orleans, such a proceeding, having all other elements of a direct action, may be filed in the suit in which the adjudication was made.

The erroneous styling of such a petition as an *intervention* will not invalidate it, if it contains the essentials of a proper and lawful action.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

---

*T. Gilmore & Sons* for Plaintiff and Appellee :

The appellant has waived his right to be heard on the appeal in this case, by voluntarily paying the debt of the seizing creditor. He is subrogated to the rights of the latter. C. C. 2161.

There can be no intervention by one of the purchasers of mortgaged property, in a proceeding by executory process for the foreclosure of a mortgage. Intervention is only allowable in pending suits between parties. C. P. 389, 394.

One of the purchasers alone cannot provoke a concursus, and without making the other party.

The sheriff has no right to demand and receive from a purchaser more than the writ calls for. He must leave the balance in the hands of the purchaser to pay other mortgages, if any. Scott vs. Featherstone, 5 An. 313; Johnson vs. Duncan, 24 An. 381; Howard vs. Schmidt, 29 An. 129. Consequently, the whole price cannot be paid into court, where there is only one writ, calling for a portion of it, in the sheriff's hands. Ib.

Where the law points out the mode of proceeding, a resort to the equity powers of the court is inadmissible.

### *E. E. Moïse* for Intervenors and Appellants:

The Courts of Louisiana have recognized the right of a holder of a fund, where there are many claimants and not sufficient in his hands to pay all, to compel them to contest their claims to the fund contradictorily in a single suit. · 7 R. p. 398; 1.An. 144; 2 An. 987; 31 An. 305.

#### A.

Where from the peculiar circumstances of a case, the textual provisions of the Code of Practice give no action, the courts will give one to prevent injury to an innocent party and a failure of justice.

In giving this remedy the court will look to other systems of law and adopt their mode of granting relief under similar circumstances. The courts of Louisiana have adopted "chancery" remedies.

In examining these systems the Court will find that where there are conflicting claimants to a fund, the "chancery" method is to allow the holder to compel all the claimants to litigate their rights in a single suit.

*First.* (a) No man can be injured because the Code of Practice does not give an action. The court will give one unless prohibited. 12 An. 588.

(b) The Code of Practice is not exclusive of all other remedies. Conflicting claims to a fund can be litigated in a single suit. 2 An. 987.

(c) No mention of an action in the Code of Practice does not bar the court from granting one, where justice is served. 27 An. 138.

(d) Numerous claimants to a fund in small amounts—many suing, and others threatening suit—trustee has the right to enjoin the suits, and parties from bringing suits, and file one account for all, although no such action is mentioned in Code of Practice, 31 An. 309.

*Second.* (a) Our courts, while not bound by technicalities of foreign systems, may still resort to foreign systems when our law is silent. 16 L. 395.

(b) Under C. C. 21, when our own law does not provide for an emergency, chancery practice will be resorted to. 1 An. 138.

(c) Imperative mandate to Judge to proceed when there is no law, chancery practice adopted. 3 An. 177, 182; 5 An. 740; 7 An. 287; 2 An. 87.

*Third.* (a) Interpleader—our remedy—our law giving none—it is the chancery remedy under facts similar to the case at bar. Wait's Actions and Defenses, Vol. 4, p. 149.

(b) A mere stake holder, having no interest save his own protection, has a right to force claimants to interplead and contest contradictorily. 2 Ves. J. R. 109; 15 Id. 245; 11 Sim. 147.

(c) Stakeholder not obliged to exercise his judgment. 2 Ewd. Ch. 647.

(d) Stakeholder need not await a suit. 30 N. H. 363; 6 Johns Ch. 44.

(e) When stakeholder files his interpleader he must deposit or offer to deposit the fund. 1 Cow. 691; 30 N. H. 354; 20 Tex. 399; 61 N. Y. (16 Sich) 264, 268; 2 Reich, S. C. 291.

(f) Ignorance or doubt as to the respective rights of claimants warrants an interpleader. 3 Barb. Ch. 391; 11 Ga. 103.

(g) Where a party does not claim, but will not assent to payment, a proper party to interpleader. 5 Hare, 314.

#### B.

1   The right to have a mortgage cancelled cannot be tested unless all those having an interest be made parties. 21 An. 401; 8 R. 97.

2.   The right cannot be denied—yet all interested must be brought together in one suit. 34 An. p. 665.

#### C.

1.   A purchaser at judicial sale will not be compelled to take a title with a cloud on it. Merrick, C. J. in 16 An. 422; citing 9 An. 232; 9 An. 560; 11 An. 109.

2.   The purchaser has his action to recover back the price he paid.

3. Also his action to retain price till title be decided good or bad.

4. All persons interested in defeating or maintaining title must be made parties to a suit looking to settlement of the validity of the title.

5. This can be done in one suit; and in no other way, so as to bind all.

D.

1. If, as Wiltz contends that, we are in danger of eviction and entitled to retain price under R. C. C. 2557.

2. Then we are entitled to deposit it under R. C. C. 2539.

3. The exception that the fund cannot be distributed till the question of the validity of the mortgages is determined is for the merits.

E.

1. The name given a pleading will not effect its validity.

2. Because a petition is called an intervention, will not make it governed by the rules relative to interventions.

3. The question is, whether the proceeding is proper, not whether an intervention would be.

4. The fact, not the name, will govern.

5. Rule VII, of Civil District Court compelled the purchaser to file his petition in the suit and court which ordered the sale of the property.

6. Conflict of privileges, no matter who are claimants, would not be cognizable in any other court. 31 An. 100; 29 An. 315.

7. No other court could interfere with the fund. Act 86 of 1870, p. 119.

Where a purchaser at a judicial sale is harrassed by concurrent mortgages and privileged creditors of various kinds—where he neither knows who to pay or how much to pay each one, and is a party to a suit seeking to declare all the mortgages a fraudulent simulation —and the mortgagor being dead, the fund must be distributed in the court which issued the order of executory process, a petition setting forth all the facts, and calling upon the parties to come into court and contest their rights, in which the petitioner tenders the whole amount of his bid to the court; the proceeding is proper and just and allowed by the law of the land.

---

The opinion of the Court was delivered by

FENNER, J. Moses Lobe & Co., who are called intervenors, the adjudicatees of valuable property at sheriff's sale made under executory process in this case, file a petition called an intervention, in which they allege that fact, and further aver, substantially, that various named persons claim mortgage and other rights upon said property, and "all are claiming from petitioners the proceeds of said property, and claim priority." They, therefore, prayed that said parties be cited to appear and contest their claims to the fund contradictorily with each other, and that after hearing, the price in their hands be decreed to be paid to such party or parties as shall effectually disburden the property of all claims, mortgages, liens and privileges, and free petitioners from any claim whatever, and that the property pass to them with a title clear, clean and unburdened, and for all such general relief as the nature and circumstances of the case may require.

The various parties named were duly cited, and appeared and filed exceptions of *no cause of action*. Morris, in addition, excepted to the

96

proceeding by intervention, on the ground that there was no suit pending to justify the same. A different exception was filed by Wiltz, administrator, which will be separately considered.

1. *As to exception of no cause of action.*

The proceeding is in the nature of a *bill of interpleader* in chancery practice, which is a bill exhibited by a third person, who, not knowing to whom he ought of right to render a debt or duty, fears he may be hurt by some of the claimants, and therefore prays they may interplead, so that the court may judge to whom the debt is due, and he be thereby safe on the payment.

It may be admitted, that the textual provisions of our Code of Practice do not provide for such a remedy ; but under Art. 21 C. C., and on general principles, this Court has often held that the Code of Practice does not exclude all other remedies than those therein provided for, and that the courts will afford other appropriate remedies where not prohibited, and they have repeatedly enforced remedies identical with the one here invoked. Fortier vs. Slidell, 7 Rob. 398 ; Clark vs. Saloy, 2 An. 987 ; Lizardi vs. Gossett, 1 An. 138 ; Trustees vs. Dupuy, 31 An. 305.

When this identical case was formerly here, we indicated very clearly our own opinion that the petition of Lobe & Co. presented a good and substantial cause of action, though we threw doubt upon the propriety of his urging it otherwise than by a direct and independent action. The latter question however was not before us, and we distinctly declined to decide it. Morris vs. Cain, 34 An. 657.

The record, as well as the allegations of the petition, satisfies us that Lobe & Co., who owe only a fixed sum, and are entitled to pay but once and receive a clean and unincumbered title, are harrassed by conflicting claims separately urged, exceeding together very largely the amount due by them, which they cannot be required to decide at their own risk, but are entitled to have settled by the Court in a manner final and conclusive upon all. Fortier vs. Slidell, 7 Rob. 398. Independent of the question of the *modus* of proceeding, we hold, therefore, that the petition discloses a good cause of action.

2. *As to the mode of proceeding.*

If the fact that the petition styles itself an *intervention* rendered it essential for its maintenance, that it should *be* an intervention within the definition and rules regulating that proceeding provided by C. P. Arts. 389 *et seq.*, obviously it could not be supported. There exists a radical inconsistency between our *intervention,* and the chancery *interpleader,* which last is substantially the action at bar, viz: in the *interpleader,* the *tertius* disclaims interest in the subject, and calls on those

who assert interest to discuss and settle their conflicts for his exoneration ; while it is of the essence of the *intervention* that the *tertius* should assert a right and interest in himself to support the claim of one party against the other, or to oppose both.

But courts concern themselves with things, not with names. Having decided that the petition sets forth a cause of action against the parties cited, the substantial matter left for our consideration is, whether it was properly filed in this proceeding, and if we should determine that it was, the fact that it is erroneously styled an intervention will be of little consequence. Succession of Triche, 35 An.

This proceeding possesses every element of a direct and independent action, except the single one that it is filed, docketed, and numbered as part of the former suit. The parties defendant are regularly cited, and have in every respect the same opportunities of defense which would have been afforded by an independent action.

"The adjustment and ranking of conflicting mortgage claims fall within the jurisdiction of the court from which the process issued, under which the sale of the mortgaged property was made, and would not be cognizable originally in any other tribunal." Factors vs. DeBlanc, 31 An. 100 ; Adams vs. Dannis, 29 An. 320.

The same principle is affirmed by the express provision of Rev. Statutes, Sec. 1942. Therefore, it appears that the demand was brought before the only Judge who could have had cognizance thereof. Then, on general principles, to the exception under consideration the question might well be opposed, *cui bono ?* But a yet more conclusive objection exists.

Under the peculiar constitution of the Civil District Court, if Lobe' & Co. had filed an independent suit, it might well have been allotted to different Judges or division of the court from the one under whose process the sale had been made, and who would have been entitled to exclusive jurisdiction thereof. To meet this very difficulty, the Court had adopted the following appropriate rule :

"All suits or proceedings not in their nature original, but growing out of suits or proceedings previously pending, such as actions of nullity of judgment, to restrain or regulate the execution of process, mesne or final, in suits previously pending, shall not be docketed as separate suits, but shall be treated as part of the original suit out of which they arise and be docketed and numbered as part of the original suit, and follow the allotment or assignment to the respective divisions of the Court which shall have been made of the original suit."

Under this rule, it seems apparent that Lobe & Co.'s petition, even

if prepared and offered for filing as an independent suit, would have been treated, docketed and numbered as part of the original suit.

Under these circumstances, we must regard the exception as too insubstantial and objectless to merit further consideration.

3. The exceptions of Wiltz, concurred in by Roos, manifestly pertain to the merits of the case, and have no foundation as exceptions. What effect the pendency of Wiltz's suit to annul the entire mortgage may have upon the settlement of the rights of the parties in and upon the fund, and what provision for the protection of Lobe & Co., the pendency of that suit may require, are matters to be determined in the final decision of the cause.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be reversed, the exceptions overruled, and that the case be remanded to the lower court, to be proceeded with according to law, appellees to pay the costs of their exceptions in the lower court, and those of this appeal.