ARNOLD and others *v.* DANZIGER and another.[1]

*(Circuit Court, E. D. Louisiana. January 13, 1887.)*

1. INSOLVENCY—TITLE OF SYNDIC—LOUISIANA LAW.
    In Louisiana all the property and rights of property of an insolvent who makes a cession pass to the syndic.
2. PARTNERSHIP—PROROGATION OF.
    Where the extension or prorogation of a partnership is made during the life of the partnership, it cannot be considered as the creation of a new partnership.
3. PARTNERSHIP—PARTNER IN COMMENDAM—LIABILITY.
    A partner *in commendam* contributed $40,000 to the partnership funds. Before the expiration of the partnership the term was extended. At that time all the capital of the firm had been lost, except $7,000 of the money advanced by the partner *in commendam*. *Held,* that under Rev. Civil Code La., art. 2842, which limits the liability of a partner *in commendam* to the sum which he agrees to contribute, the partner *in commendam* was not liable for the deficiency of $33,000; the extension not being the creation of a new partnership, and there being, therefore, no agreement to furnish a further sum, or to make good the loss on the sum originally contributed.

In Equity. On demurrer.

The bill of complainants in this case alleges that on the sixteenth of September, 1882, David Danziger, being then a dry goods merchant in New Orleans, entered into partnership with Leon Godchaux, by which Godchaux became a partner *in commendam*, and advanced to said Danziger the sum of $40,000; the said Danziger carrying on the business in his own name, as he was required by the law of Louisiana to do. That agreement of partnership was made for the term of two years, but before the expiration thereof, on the eighth of May, 1884, they agreed to con-

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

tinue and extend the partnership for three additional years. The bill then alleges that at the time of the expiration of the original two years, Danziger was insolvent; that all of his capital had been lost, and all of the $40,000 of capital advanced by Godchaux had been lost except about $7,000; in other words, if the partnership had been liquidated and settled, and all the debts of the firm paid on the sixteenth of September, 1884, Godchaux would have had only $7,000 to his credit, and Danziger nothing, therefore Godchaux owes the creditors of the extended and new firm which began September 16, 1884, $33,000; and that by his agreeing to continue, renew, and extend the partnership from the sixteenth of September, 1884, he gave the firm of Danziger & Co. additional credit, on the faith of which orators sold it goods and merchandise. Complainants go on to allege that, at various dates after the sixteenth of September, 1884, they sold goods and merchandise to the firm; that they have recovered judgment therefor against Danziger, and issued execution thereupon, which has been returned *nulla bona* after due demand; that on the fifteenth of October, 1885, Danziger availed himself of the insolvent laws of Louisiana, and surrendered all his property to his creditors, and complainants now bring this suit in order to have it declared that the act of continuance of the partnership of the eighth of May, 1884, was in reality a new partnership, commencing on the sixteenth of September, 1884, and to declare that Godchaux was bound for whatever deficiency of capital existed between the actual capital of the firm at that date and $40,000; in other words, that the act of extension of the partnership was an act of renewal, and Godchaux was bound to advance another $40,000, or at least to have that much in the firm, at the date of the renewal, which he had not.

*B. R. Forman* and *E. Howard McCaleb*, for complainants.

*Thomas J. Semmes* and *Joseph P. Hornor*, for defendants.

PARDEE, J. Two points are made by the demurrers in this case: (1) That the equitable asset sought to be reached in this case has passed to the possession of the syndic of Danziger in the insolvency proceedings instituted by him (Danziger) in the state courts of Louisiana. (2) That the extension of the partnership *in commendam* between Danziger and Godchaux, made during the existence of the original partnership before its term had expired, and relating only to the term of the partnership, was not the creation of a new partnership, and imposed no obligation on Godchaux to contribute another sum of $40,000, nor to make good, if impaired, his original contribution of $40,000.

1. In Louisiana all the property and rights of property of an insolvent who makes a cession pass to the syndic. *Dwight* v. *Simon*, 4 La. Ann. 490; *Muse* v. *Yarborough*, 11 La. 521; *West* v. *His Creditors*, 8 Rob. (La.) 128; *Bank* v. *Horn*, 17 How. 157; *Adams* v. *Preston*, 22 How. 488. The obligation of a partner *in commendam* to contribute the agreed amount is a debt in favor of the partnership and of creditors of the partnership. Rev. Civil Code, arts. 2842, 2856; *De Lizardi* v. *Gossett*, 1 La. Ann. 138; *La Chomette* v. *Thomas*, Id. 121. The distinction sought to

be made between Danziger, managing partner, and Danziger, the partnership, is too shadowy to cut much figure in the case, and at best only existed for God'chaux; to the rest of the world Danziger individually and Danziger merchant or partnership were identical.

2. "In no case, except as hereinafter expressly provided, shall the partner who has no other interest in the concern than that of partner *in commendam* be liable to pay any sum beyond that which he has agreed to furnish by his contract." Rev. Civil Code, art. 2842. The bill shows no liability of Godchaux beyond his agreement on account of any state of facts provided for in any of the subsequent articles of the Code. The question then is whether by the extension of the term of the partnership Godchaux agreed to make the original sum of $40,000 good, or agreed to contribute to the partnership any sum in addition to the original $40,000 contributed. It is not claimed that Godchaux made any such agreement expressly, but it is charged that he did impliedly, because it is claimed that the extension of the partnership under the law was substantially creating a new partnership for a new term under the same terms and conditions as the original partnership; and as the terms of the original partnership required Godchaux to contribute $40,000, so he was required under the new partnership to contribute $40,000. "The prorogation which may be agreed upon between the parties shall be made and proved in the same manner as the contract of partnership itself." Rev. Civil Code, art. 2878. This article relates to the manner and form and method of proof for an extension of a partnership. It cannot relate to the terms and conditions, or otherwise there could be no extension except for a period equal to the original term. There is nothing in the Code, unless in said article 2878, nor in the nature of things, to hinder the partners, in extending their partnership, from inserting any new, or modifying any old, provision. The question in case of a modification might be whether the old partnership was extended or a new one created. In the present case there is no suggestion that any modification except as to duration was made, and it is admitted that the original partnership was extended lawfully. When it was extended it would seem that it continued to be and was the same partnership, and not a new one, and, if not a new one, then the partners by the extension assumed no new obligations save as to the duration of the term.

The English and American writers do not discuss the question as to whether a partnership extended is or not a new partnership. They seem to take it for granted that a naked agreement to extend the term of the partnership, whether made before the expiration or at the expiration, would be a mere continuance of the same partnership; for if the partnership, at the expiration of the term, is continued "in the absence of all acts and circumstances whatsoever to control or vary the original terms of the agreement, the just legal conclusion seems to be that the partnership is to be treated as a mere partnership during the joint will and pleasure of all the parties, and therefore dissoluble at the will of any one of them, but that in all other respects it is to be carried on upon the original terms thereof as to rights, duties, interests, liabilities, and shares of

the profits and losses." Story, Partn. (5th Ed.) § 279; Colly. Partn. (Perkins' Ed.) § 214; Watson, Partn. 381. Some of the French writers are clear that the continuation or prorogation of a partnership after its dissolution or expiration is really to contract a new partnership. Report by Boutteville. See Locre, La Legislation Civile, vol. 14, p. 542; Bravard-Veyrieres, Droit Commerciale, vol. 1, p. 385; Pardessus, Cours de Droit Civile Commerciale, vol. 3, p. 273; Deleurie, Droit Civile, vol. 5, p. 537. But M. Troplong (Droit Civile Explique, vol. 2, Commentaire Des Societes Civile et Commerciale, § 915) says:

"The partnership continued is not a new partnership as wrongly says M. Boutteville in his report to the tribunal. It is the same partnership subsisting without interruption between the same persons, with the same capital and the same means, with the same end and the same object, and presenting no other modification than in the time of its duration changed by the will of the parties."

And he adds:

"Le mot de *prorogation* employé par notre article exclut toute idée d'intermittence dans l'existence de la Société."

M. Laurent, vol. 26, Principes de Droit Civile, § 371, in discussing the matter, quotes Troplong, Pont, and Boutteville, and says:

"We believe it is necessary to distinguish. When the parties prorogue the partnership before the expiration of the time, they modify solely the social pact, and to modify it is to maintain it; the partnership prorogued will always be the first partnership. But when the term has expired, and such is the supposition of Boutteville, the partnership is dissolved of full right, it does not exist, then the prorogation is the constitution of a new partnership."

The extension or prorogation in this case was during the life of the partnership, and neither on principle nor the best authority should it be considered as the creation of a new partnership; and if it was not the creation of a new partnership, then Godchaux made no agreement, express or implied, to contribute another $40,000, or to make good at any time the original $40,000 contributed by him; and if he made no such agreement, the law of Louisiana, (Rev. Civil Code, art. 2842, *supra*,) relieves him of further liability. The bill makes no case to hold him for any liability beyond his liability as a partner *in commendam* under Louisiana law.

I am of the opinion that the demurrers should be sustained.