No. 11,098.

MRS. S. COVAS ET AL. VS. G. E. BERTOULIN ET ALS.

The execution of competent orders and decrees of courts is not to be prevented by the death of the officer appointed to execute them. When an auctioneer who has been appointed to make a judicial sale has made the adjudication and executed his *proces verbal* of sale.and has died before passing the act of sale, the court may appoint a new auctioneer to complete the execution of its decree. Such power is conferred by Art. 130 C. P. and Art. 21 C. C., independently of any special statute.

APPEAL from the Civil District Court for the Parish of Orleans. Ellis, J.

Covas et al. vs. Bertoulin et als.

*Henry Denis* for Plaintiffs and Appellees.

———

*White, Parlange & Saunders* and *Farrar, Jonas & Kruttschnitt* for Defendants and Appellants.

———

The opinion of the court was delivered by

FENNER, J.   Under a judgment of partition rendered in this case, the court ordered the property to be sold at public auction by N. J. Hoey, auctioneer.  The sale was regularly made and the *proces verbal* thereof, in due form, was made and signed by the auctioneer. The adjudicatees refusing to comply, a rule was taken to compel compliance, resulting in a judgment to that effect, which, on appeal to this court, was affirmed.

In the meantime Hoey, the auctioneer, had died, and there was no one authorized to pass the act of sale, which in this case was necessary, because under the terms of the adjudication the adjudicatees were given the option of paying *one-third or more* of their bid in cash and the balance on terms of credit, and a further act was essential to define the terms as fixed under the exercise of this option.

A rule was therefore taken, contradictorily with the adjudicatees, to show cause why another auctioneer should not be appointed to sign the act of sale and receive the price.

The court rendered judgment making the rule absolute and appointing a new auctioneer to complete the sale, from which judgment the present appeal is taken.

The Legislature has specially provided that " where a sheriff shall have adjudicated any real estate to any purchaser by virtue of a writ, and said sheriff shall die, resign or be removed from office without having passed an act of sale to said purchaser, it shall be lawful and the duty of his successor in office to pass such act of sale and to have the same recorded as directed by law." Rev. Stat., Sec. 3585.  This statute was only passed in 1867.  Acts 1867, p. 138.  We do not regard it as enunciating any new principle of law, but simply as enacted *ex abundante cautela* to prevent controversies.  It was always the law that official trusts of a sheriff passed to his successor in office. Bradley vs. Frellsen, 10 An. 310; State ex. rel. Morgan vs. Judge, 11 An. 79; Bell vs. Keefe, 12 An. 340.

It is true there is no statute covering the like case of auctioneers, but the reason and necessity are the same. We think the Articles 130 of the Code of Practice and 21 of the Civil Code are ample to confer upon courts the power necessary to complete the execution of their orders which has been interrupted by the death of the officer appointed to execute them. The court was fully justified in appointing a new officer to complete the execution of its order.

Judgment affirmed.