Statement of the Case.
MONROE, J.
The case as presented by the petition herein, the exhibits annexed, and the return, is as follows:
In 1901, Laurent Arnaudet and Jules Clement, owners of contiguous tracts of what were believed to be oil lands, in the parish of Acadia, united in a lease of the same to A. C. Wilkins, by whom the lease was transferred to S. A. Spencer & Co., who thereupon entered into a special contract with Clement for the development of oil and gas upon the tract belonging to him. Thereafter, Arnaudet brought suit to set aside the lease into which he had entered and to enjoin Wilkins and Spencer & Co. from operating upon his tract, and, shortly afterwards, a concern called the Corkran Oil & Development Co., brought suit for the recovery of both the Arnaudet and Clement tracts. For the purposes of this litigation, and perhaps other purposes, Arnaudet engaged the professional services of the relators (who are members of the bar), and, by way of compensation, conveyed to them an undivided one-fifth interest in the land owned by him. Subsequently, the injunction suit brought by Arnaudet was dismissed, pursuant to a compromise agreement whereby the Jennings-Heywood Oil Syndicate became the lessees of Arnaudet, and, thereafter, the relators brought suit to be recognized as owners of the one-fifth interest in the property leased and in the products thereof, and for the cancellation of such leases as might affect the rights so asserted, and, at their instance, a judicial sequestration was issued under which the sheriff was directed to take possession of the oil on hand and as produced. After hearing, the sequestration was set aside by the district court, and the plaintiffs (relators herein) appealed to this court, where in February, 1905, judgment was rendered, in effect, as follows, to wit:
“Decreed that plaintiffs be recognized as the owners of an undivided one-fifth interest in the Arnaudet tract, free from all leases, that they recover from the defendants (Jenriings-Heywood Oil Syndicate), its lessees, etc., one-fifth of all the oil produced by them on the said tract, on their (plaintiffs), reimbursing one-fifth of all the expenses, ordinary or incidental, incurred in producing, transporting, preserving, and selling, the same; that this cause be remanded, with leave to amend, for the purpose of determining the quantity of oil to which plaintiffs are entitled and the expenses to be reimbursed or deducted, and for an accounting between the parties; and it is finally ordered arid decreed that the writ of sequestration herein be reinstated and maintained, and that the defendants pay all costs of suit.” Martel *322 v. Jennings-Heywood Oil Syndicate, 38 South. 253, 114 La. 357.
After the case, as thus remanded, reached the district court, the petition was amended, an accounting was ordered, a report was made by an expert or auditor, and a quantity of oil, exceeding, as relators alleged, $10,000 in value, was found to belong to them. No definitive result in the way of a judgment was however arrived at, and, in the meanwhile, the sheriff, in the keeping and storing, and in providing for the making and preserving of a record of the oil produced and disposed of, was subjected to a very heavy expense, which neither of the litigants appear to have been anxious to reimburse.
In June of this year, he, the sheriff, presented to the relators a bill for costs, amounting to $1,411.65, and running to May 31st, and relators, attaching it thereto, filed a petition alleging the judgment of this court condemning the defendant to pay costs, further alleging that the sheriff asserted that they, as plaintiffs, were primarily liable to him, and praying that the defendant be ordered to show cause why said costs should not be taxed against it, and, after hearing, there was judgment (July 24, 1905) condemning the defendant to pay all costs incurred up to the date of the judgment of this court, inclusive, with the exception of two items, and further ordering that all the other costs charged on the bill and arising subsequently to said judgment, await the final determination of the cause, the judge being of the opinion that the defendant could not be condemned therefor until the suit for accounting should have been finally disposed of.
Following this, on October 10th, the sheriff filed a rule against both plaintiffs and defendant to require the payment of costs already incurred and security for those to be incurred, which rules were made returnable on November 6th. Thereafter, he filed a petition alleging that the trial of the rule so taken against plaintiffs, was nearly 30 days off, that heavy costs, in addition to those already due, would accrue in the meanwhile, and that he was without protection, and he prayed that the plaintiffs (relators herein) be ordered to furnish a provisional bond for costs in the sum of, at least, $1,695.26, and the judge a quo, on October 16th, made the following order, to wit:
“Plaintiffs * * * are hereby ordered, within five days to furnish a provisional bond for costs in the sum of $10,000 in favor of the sheriff, * * * to secure him in all costs already incurred, and those which may accrue pending the trial of the rule to tax costs.”
The relators complain of this order, and pray that the judge and the sheriff be prohibited from enforcing it, on the grounds:
(1) That it is in violation of the decree of this court (already recited) condemning the defendant, syndicate, to pay costs, and that the judge, therefore, exceeded his jurisdiction in making it
(2) That, prior to the making of said order, relators had been ordered to show cause why they should not give bond for, and pay costs.
(3) That, under section 5 of Act No. 203, p. 490 of 1898, the judge was unauthorized to make such an order upon the application of the sheriff.
(4) That there is now pending in this court an application for a mandamus to compel the judge to order the defendant to pay costs.
The sheriff has made a return in writing to the following effect, to wit:
That in a suit in which relators are plaintiffs, and at their instance, a judicial sequestration was ordered, under which, respondent took into his possession large quantities of oil, which was to be held pending an accounting between the parties, that no adjustment of account has yet been reached, and that that branch of the litigation is not even fixed for trial. That in the meanwhile he is subjected to a heavy outlay of money for storage, keeper’s fees, etc., for the reimbursement of which relators, as plaintiffs *323 in the case, are primarily liable. That pending the delay for the hearing of the rules which have been taken, the costs are accumulating at the rate of about $400 per day; and that by reason of the absence, in Washington Oity, of one of the relators, who is their leading counsel, over 20 days must elapse before the rules can be tried. He shows that he has no means of compelling the defendant to pay the costs or to furnish a bond, that the plaintiffs (relators herein) are primarily liable therefor, and that he has no other remedy than that which he is now seeking. He further shows that, by proceeding on his behalf and obtaining a judgment condemning defendant to pay the costs incurred up to and inclusive of the judgment of this court, relators have recognized the jurisdiction of the judge a quo in the matter, and he denies that relators’ application to this court for a writ of mandamus to compel said judge to order the defendant to pay the costs herein involved, operates to stay his proceedings to recover, or secure himself with respect to the costs due him by said relators. Further answering, respondent refers the court to sections 1 and 5 of Act No. 203, pp. 485, 490, of 1898, as authority for his action, but he alleges that he is entitled to proceed without special statutory enactment, since he cannot be compelled to assume the risk and bear the burden of the litigation in which the relators find it to their interest to indulge.
The return of the judge covers substantially the same ground as that of the sheriff. He denies that he has exceeded his authority, and alleges that the sheriff is entitled to protection pending the final decision of the case, and that he is acting in compliance with the law. He further alleges that the judgment of this court orders the sheriff to hold all the oil seized during the pendency of this suit, and until a final accounting. That there has, as yet, been no such accounting. That the matter has not been fixed for trial, and that the plaintiffs, being primarily liable for the costs, it is his duty to see that the officers of the court are protected with respect thereto. That in the proceeding taken by the relators to compel the defendant to pay costs, respondent decided that said defendant was liable for costs incurred up to, and inclusive of, the judgment of the Supreme Court, but that no portion of the costs demanded in said proceeding, which had been subsequently incurred, could be taxed against defendant until ■ a final decision should be rendered in the case, and, then, only in event of the defendant’s being east, and that, in bringing said proceeding and submitting to said judgment, relators acknowledged the jurisdiction of respondent and cannot, by means of this application for a writ of prohibition, reopen a question which they should have had reviewed by appeal from respondent’s said judgment. Respondent further avers that pending a final decision on the accounting and settlement which is to take place between the plaintiffs and defendant in the litigation in question, the sheriff is holding an immense quantity of oil under an order of court, and is compelled to pay out large amounts monthly for storing and preserving the same, and that, standing in the same relation thereto as in the case of an ordinary sequestration, the plaintiffs are bound to advance the costs which it is necessary so to disburse or incur.
Opinion.
1. If the decree of this court which has been recited in the foregoing statement were properly susceptible of the interpretation that it condemns the defendant to pay not only the costs already incurred, but those thereafter to be incurred in a prospective litigation, in which, for aught that the court knew, or now knows, it may turn out that the balance of indebtedness is in favor of the defendant, nevertheless, as between the sheriff, whose services the plaintiffs have invoked, *324 and the plaintiffs, the latter are liable for the costs whether incurred or to be incurred. In an ordinary suit on a promissory note, where judgment for plaintiff is affirmed, the defendant is condemned to pay the costs, and it is no doubt a matter of interest to the plaintiff that he should do so, but the clerk and the sheriff are not concerned, since they have the right to recover their costs from the plaintiff whether the defendant pays or not. If the plaintiff have judgment against the defendant for his costs, so much the better for him, he may issue execution on it. But suppose, whilst refusing to pay the costs to those by whom they have been earned, he also refuses to issue execution, what are they to do? The judgment does not run in their favor, and they cannot control its execution. If, therefore, they were not authorized to recover their costs from the litigant to whom the service had been rendered, they would be without remedy. The question is, however, governed by law, which specifically provides that costs shall be recovered and security therefor exacted from the plaintiff (section 5, Act No. 203, p. 490, of 1898), and that the judge, certain conditions being complied with, shall order execution to issue or bond to be furnished as the case may be. There was therefore no lack of jurisdiction in the judge a quo for the making of the order here complained of. This disposes of the first, third and fourth grounds as heretofore stated, upon which the relators rely. The second ground set up is that when the order was made there was pending against the relators a rule for costs or for security.
If, however, there was error in making the order under such circumstances (and we express no opinion ,on that point), it was not one which goes to the jurisdiction of the judge, and does not therefore afford sufficient basis for an application for the writ of prohibition; the more particularly as the relators had a remedy by appeal.
It is therefore ordered, adjudged, and decreed, that the restraining order herein made be rescinded, that the relators’ demands be rejected, and that this proceeding be dis missed at their cost.
PROVOSTY, J., concurs in the decree.