**460**

C. A. Riddle and A. J. Roy, both of Marksville, for appellant.

Couvillon & Couvillon, of Marksville, for appellee.

TALIAFERRO, Judge.

The course adopted by appellant and appellee to obtain judicial pronouncement upon their differences is an anomalous proceeding, wholly unknown to or sanctioned by the laws of this state. There is eo nomine no plaintiff and no defendant. There is no prayer for judgment for any specific amount. The intervention of the judiciary is simply invoked to pass upon the academic question of who is right and who is wrong in the controversy or dispute between them. No suit was filed; no service made.

In October, 1926, the town of Mansura, La., deposited in the People's Savings Bank & Trust Company $75,000 it had been paid for its utilities. This amount was not checked against at all until September, 1927, when

---

**BROCK, State Bank Com'r, v. PEOPLE'S SAV. BANK & TRUST CO.**

No. 4501.

Court of Appeal of Louisiana.
Second Circuit.

June 5, 1933.

$2,000 was withdrawn, and thereafter, from time to time, the deposit was reduced until November 7, 1930, the balance was $13,425. On that date the bank closed its doors, and went into, and is now in, liquidation.

The town of Mansura contends the bank agreed to pay 4 per cent. interest on daily balances of this deposit, while the liquidators deny that any such agreement was made.

The joint petition submitted in this case reads as follows:

"To the Honorable the Judge of the Twelfth Judicial District Court, Sitting in and for the Parish of Avoyelles, State of Louisiana.

"Now, into court, comes the liquidator herein, through his undersigned special agents and attorneys and the Town of Mansura, represented herein by its Mayor, Honorable A. J. Escude, who, with respect shows:

"That there is a contention between this Bank in liquidation and the Town of Mansura as to whether or not a certain deposit-bond-account in the name of 'Town of Mansura, Louisiana, Bond Account,' is an ordinary checking account, or any kind of account you might call it, but not entitled to interest on deposit in any manner or form whatsoever; or whether the said account is a time-savings account and there is interest due thereon at four per cent, to be computed upon intervals between checks drawn against said account, from the day of first deposit on October 20th, 1926, to November 7, 1930.

"Your appearers wish it to be decidedly understood that there is conflict of opinion herein, the liquidating bank objects to paying any interest and the town of Mansura is pressing for the collection of it and each opposing party hereto offers the following evidence in support of its contention."

This is followed by certain admissions of both sides, in the nature of an agreed statement of facts, to which are attached certain exhibits, all tendered, with the joint petition, as evidence for the court to consider and act on. The concluding part of the joint submission reads as follows:

"Wherefore, your joint petitioners respectfully and jointly submit the above question to your Honorable Court for decision—the point being contained in paragraph One of this joint petition.

"Jointly prays for any and all necessary decrees under the premises.

"Respectfully submitted,
"Peoples Savings Bank & Trust Co. In Liquidation
"By G. L. Porterie
"C. A. Riddle
"Special Agents and Attorneys."
"The Town of Mansura
"By Arthur J. Escude
Mayor."

The lower court took cognizance of this proceeding and, rendered a written opinion wherein it was held, with some qualifications, that the bank was due to pay 4 per cent. interest on daily balances of said account from October 20, 1926, to April 2, 1929, and 3 per cent. thereon from April 2, 1929, to November 7, 1930. The court did not undertake to definitely fix the amount of interest the bank would be due the town under its findings on the facts, but stated that the matter would be referred to a competent accountant for determination. It does not appear from the record that this has been done.

The liquidators of the bank have appealed to this court from said judgment.

The town of Mansura answered the appeal, assigning several errors in the reasons of the lower court for its judgment, and prayed that that judgment be accordingly amended. In this motion, however, it is stated that mover (the town) had also appealed from the judgment of the lower court, but to the Supreme Court, because "it considers the claim involved in this case in excess of the maximum amount of which" this court has jurisdiction; that the claim of appellee (in this court) is over $6,000. The prayer for amendment of the judgment of the trial court is made in the nature of an alternative plea, in case we should take jurisdiction of the appeal.

Whatever else may be said about this case, and the irregular method adopted to present the dispute between the parties to the courts, it is certain the amount in dispute is in excess of $2,000. Interest at either 3 per cent. or 4 per cent. on the initial deposit of $75,000 for the first year exceeds that amount. Where the demand is for interest alone, the total of such, sought to be recovered, is the "amount in dispute" for jurisdictional purposes.

We have the right, and it is our duty, whether suggested by the appellee or not, to dismiss any appeal before us on our own motion, when it is clear, from the face of the record, we are without jurisdiction ratione materiæ. However, to preserve the rights of all parties, and notwithstanding that it appears one appeal in the case has been taken to the Supreme Court, we will not dismiss the appeal outright, but, as authorized by Act No. 19 of 1912, will transfer it to the Supreme Court.

For the reasons assigned, the appeal herein, taken to this court by the liquidators of the People's Savings Bank & Trust Company of Mansura, is hereby transferred to the Supreme Court of Louisiana, and the clerk of this court is hereby directed to return the entire record in the case to the clerk of the court below, the transfer hereby ordered shall be made within 30 days after this judgment becomes final, and, if not so made, then the appeal is to be deemed dismissed. The appellant is cast for costs in this court, the other costs to await final judgment.