164 So. 328

**ALLEN et al. v. SHREVEPORT MUT. BLDG. ASS'N.**

No. 33680.

Nov. 4, 1935.

Frank E. Murphy and Blanchard, Goldstein, Walker & O'Quin, all of Shreveport, for relator.

Albert P. Garland, of Shreveport, for respondents.

ROGERS, Justice.

In a suit brought in the First judicial district court for the parish of Caddo by Mrs. Frances Otey Allen and others against the Shreveport Mutual Building Association, the relator, as the successor of the defendant association, was substituted as a party defendant after the answer was filed.

Relator alleges that the case was tried on February 19, 20, and 21st, 1935. That on or about March 1, 1935, the court reporter completed the transcript of the testimony and sent the bill for the cost thereof to plaintiffs' attorney, which bill plaintiffs refused to pay. That on May 22, 1935, relator, desiring an early disposition of the case, moved to compel plaintiffs to pay the reporter's costs and file the transcript, under penalty of dismissal of their suit. That on May 29, 1935, after argument by the parties, the motion was overruled by the trial judge.

That relator being unable to induce or compel plaintiffs to pay for the transcript of testimony, and not being willing to pay for the same itself, caused the case to be placed on the docket for argument on September 23, 1935, but on the suggestion of

plaintiffs' counsel that the testimony had not been filed, with a full understanding of the facts and over the protest of relator's counsel, the trial judge refused to permit the case to be argued and ordered it stricken from the docket for that day. Whereupon, relator, after giving the requisite notice, applied to this court for writs of certiorari and mandamus to compel the trial judge to hear the case without the transcript of testimony being filed, or, in the alternative, to fix a time within which plaintiffs must pay for and file the transcript, under penalty of dismissal of their suit.

In his return to the rule nisi issued by this court, the respondent judge admits the correctness of the facts set out in relator's petition. He assigns lack of authority as his reason for refusing to dismiss plaintiffs' suit for their failure to pay the reporter's costs. And he assigns lapse of time and length of transcript as his reason for refusing to hear argument on the merits of the case. His averment is, specifically, "that the case was tried several months ago and the transcript of testimony is fairly long and respondent thought he could not do justice to the parties to the case by deciding it solely on the basis of his recollection of the testimony."

Respondent further shows that he, as well as the other judges of the First judicial district court for the parish of Caddo, will welcome a decision of the question presently submitted.

Taking up first relator's alternative demand, as it involves the authority

and jurisdiction of the district court, we find that in this state court costs must be advanced by the plaintiff, who is primarily liable for their payment. Section 5 of Act No. 203 of 1898; Fink v. Martin, 10 Rob. 147; State ex rel. Louisiana Board of Trustees v. Judge, 30 La. Ann. 1026; State ex rel. Roth v. Judge, 37 La. Ann. 846; Martel v. Jennings-Heywood Oil Syndicate, 115 La. 615, 39 So. 705; Crespo v. Viola, 152 La. 1088, 1089, 95 So. 256.

We also find that Act No. 95 of 1922 provides for the appointment, duties, and compensation of official reporters in the First judicial district of Louisiana. Section 8 of the statute provides that the fees of the court reporters as fixed in the section shall be assessed as costs in every civil appealable case, the payment of which primarily shall be made by the plaintiff immediately upon conclusion of the transcription of such evidence, and before which payment the reporters shall not be required to file such testimony. The same section also provides that nothing in the statute shall be construed to prevent the defendant, if he so desires, from paying the reporter the fees assessed and having such payment assessed as costs the same as if the plaintiff had made it.

Relator does not pretend that there is any express statutory provision which, authorizes the trial judge to dismiss plaintiffs' suit for their failure to pay for and file the transcript of the testimony taken in the case. On the contrary, relator concedes that there is no such statutory authority and in its absence invokes the

equity powers vested in the courts by article 21 of the Civil Code to obtain the relief sought.

Our statutes do not provide a remedy for the difficulty confronting the relator, but neither do they prohibit the remedy invoked by relator.

Article 21 of the Civil Code declares that in civil matters, where there is no express law, the judge is bound *to proceed and decide* according to equity. And under that article this court has often held that the Code of Practice does not exclude all other remedies than those therein provided for, and that the courts will afford other appropriate remedies where the law is silent and they are not prohibited. Fortier v. Slidell, 7 Rob. 398; De Lizardi v. Gossett, 1 La. Ann. 138; Clarke v. Saloy, 2 La. Ann. 987; Clarke v. Peak, 15 La. Ann. 407; Louisiana Board of Trustees v. Dupuy, 31 La. Ann. 305; Morris v. Cain, 35 La. Ann. 759; Lacroix v. Villio, 123 La. 459, 49 So. 20; Lauterbach v. Siekmann, 125 La. 839, 51 So. 1008; In re Liquidation of Mitchell-Borne Const. Co., 145 La. 379, 82 So. 377.

The true test to be applied, in all cases where the law is silent as to the remedy invoked but does not forbid it, is whether the ends of justice for the administration of which courts are established will be promoted by the enforcement of the remedy.

The First judicial district court for the parish of Caddo is a court of record of original general jurisdiction, and if a direct legislative grant were necessary to confer upon that court such powers as have been usually held to be inherent in all such courts it will be found in article 130 of the Code of Practice. That article expressly declares that all judges shall possess the powers necessary for the exercise of their respective jurisdictions, inherently and independently of express law, and by necessary implication it gives legislative sanction to the exercise of such powers. State ex rel. Phelps & Baker v. Judge, 45 La. Ann. 1250, 14 So. 310, 315, 40 Am. St. Rep. 282. In that case, after pointing out that the inherent powers existing in all courts are recognized and declared in the codal article, the court said:

"Article 130 recognizes the existence of *all* the powers necessary to the jurisdiction, without attempting to define what such powers are or should be. The word 'jurisdiction' in the article is used in a broad, not a restricted, sense, and means everything necessary for the maintenance of rightful power and authority.

"The statutes of the state are enacted, not simply for the defining of rights and obligations, but for their protection and enforcement, and the very object of the organization of courts is through their instrumentality to make certain that justice should be administered by due process of law, without denial or unnecessary delay, and with strict impartiality. The purpose of their creation would be crippled and defeated if they were to be unable of themselves, in cases pending within their jurisdiction, to guard the pure and unbiased administration of justice."

■ We think articles 21 of the Civil Code and 130 of the Code of Practice are ample to authorize the court to give defendant the remedy which it invokes. Cf. Covas v. Bertoulin, 45 La. Ann. 160, 11 So. 874.

Section 8 of Act No. 95 of 1922 imposes upon plaintiffs the primary obligation to pay the cost of the transcript of the testimony. The statute in express terms declares that such payment "shall be made by the plaintiff immediately upon conclusion of the transcription of such evidence." The force of plaintiff's obligation is not impaired by the statutory right given the defendant, if it so desires, to pay for the transcript and have the payment assessed as costs. Under the terms of the statute plaintiffs are required to pay the reporter's cost while defendant is merely given the right to do so.

Plaintiffs' primary liability for the cost and filing of the transcript of testimony being fixed by section 8 of Act No. 95 of 1922, we do not think that by evading the liability they ought to be permitted to hold up at their pleasure a decision in the case.

Defendant is willing and anxious for a prompt decision of the case, but is unable to obtain any action by the court, because of plaintiffs' arbitrary refusal to discharge their statutory obligation of paying for and filing the transcript of the testimony taken on the trial. Defendant, therefore, applies to the court to compel plaintiff to pay for and file the transcript, under the penalty of the dismissal of their suit. Obviously, there is justice in defendant's

demand. If plaintiffs are unwilling to submit their case to a decision of the court, clearly they can suffer no hardship if their suit is dismissed.

It certainly is not the object of the statute to permit a plaintiff, by failing to do that which the law requires him to do, to postpone indefinitely the decision of a case. When defendant comes forward and asks that the plaintiff be compelled to pay for and file the transcript of the testimony so that the case may be promptly decided, and on plaintiff's failure or refusal to do so that his suit be dismissed, the defendant has done all he is required to do, and the court under both its inherent and its equitable powers should fix a reasonable time within which plaintiff may comply with defendant's request or suffer the penalty of dismissal of his suit.

Since we have concluded that the alternative demand contained in relator's petition to this court is well founded, we are relieved of the necessity of considering the issues raised under relator's main demand.

For the reasons assigned, the rule nisi herein issued is made absolute on relator's alternative demand, and, accordingly, it is ordered that the respondent judge be directed to enter an order in the case referred to in relator's petition requiring the plaintiffs to pay the cost of transcription of the testimony taken in the case and to file the same within a reasonable time to be fixed by the respondent judge, under penalty of dismissal of their suit. All the costs of this proceeding to be paid by the plaintiffs in the case.