**GREEN v. CONNELL et al.**

No. 6000.

Court of Appeal of Louisiana. Second Circuit.

June 28, 1939.

Rehearing Granted July 17, 1939.

Rehearing Denied Nov. 3, 1939.

R. D. Watkins, of Minden, for appellants.

John B. Files and Robert L. Garrett, both of Shreveport, for appellee.

DREW, Judge.

This case is before us on a motion to dismiss the appeal on jurisdictional grounds.

The suit involves title to land, and during the trial below it was agreed by all parties that the value of the land involved in the suit was more than $2000. We are therefore clearly without jurisdiction ratione materiae to try the case on appeal. This fact is admitted by appellants, who have requested that we transfer the case to the Supreme Court. Appellee objects to the case being transferred and contends that the appeal should be dismissed for the reason the record is not complete. The briefs disclose that when the case was originally tried the evidence was transcribed and filed in the record. The lower court awarded judgment for defendants. A rehearing was granted upon application of plaintiff and additional evidence heard. The court reporter, for reasons unknown

to us, failed to transcribe and file the testimony taken at this rehearing. The lower court then rendered judgment for plaintiff as prayed for and 'defendants perfected their appeal to this court. The transcript of the testimony taken at the last trial is not in the record, and for this reason appellee contends that no judgment contrary to that of the lower court could be predicated upon the record as made up, and that to transfer the case to the Supreme Court will only cause further delay, as that court would necessarily have to dismiss the appeal.

We are afraid that appellee has overlooked Section 8 of Act No. 95 of 1922, which provides that the plaintiff is primarily liable for the costs and filing of the transcript of testimony in the lower court and cannot take advantage of his failure to comply with the law.

For a full discussion of this question, see Allen et al. v. Shreveport Mutual Building Ass'n, 183 La. 521, 164 So. 328.

■ We find no sound reason for not following the usual rule of this court by transferring this case to the Supreme Court, as provided by Act No. 19 of 1912. Brock v. People's Savings Bank & Trust Co., La.App., 148 So. 460.

It therefore follows that the appeal in this case is transferred to the Supreme Court of Louisiana. The clerk of this court is directed to return the entire record to the clerk of court below, and the transfer hereby ordered shall be made within thirty days after this judgment becomes final, and if not so made, then the appeal is to be deemed dismissed. Appellant is cast for costs in this court, all other costs to await the final determination of the case.

## On Rehearing.

This case is before us on rehearing. In our former opinion we set out the issues correctly. When it was first handed down there were some errors as to the disposition made of the case in the lower court. Appellee complained bitterly of these errors, which we corrected in the original opinion. The errors were entirely immaterial to a correct decision of the issues before us.

■ Counsel for appellee in application for rehearing further complained of our applying to the facts of this case Act No. 95 of 1922. His complaint in that respect is well founded. We overlooked the fact that Act No. 95 of 1922, Section 8, was a local statute applying only to Caddo Parish. It is because of this error of ours that we granted a rehearing. It was, however, unnecessary for us to include in our former opinion a discussion of this act, for under Articles 394 and 552 of the Code of Practice, and Act No. 203 of 1898, plaintiff·is primarily bound for all costs until defendant is finally cast in judgment. Crespo v. Viola, 152 La. 1088, 95 So. 256.

■ The duties placed on the appellant in perfecting an appeal to this court are different from the duties required of an appellant by the Supreme Court. The principal requirements in this court are that the appellant take orders of appeal, file his bond timely, and deposit the cost of appeal with the proper court official. When he has done this, if it be shown that the record is incomplete through no fault of his, he cannot be penalized for it. If it is incomplete or not timely returned here through fault of appellant, his appeal will be dismissed. We do not feel called upon to inquire into the question of who was at fault in this case, since we clearly have no jurisdiction in the case. We therefore avail ourselves of the privileges of Act No. 19 of 1912, and now transfer the appeal in this case to the Supreme Court of Louisiana.

It therefore follows that the former judgment of this court is reinstated and made the final judgment.