HOOD, Judge.
This is an action for damages for personal injuries sustained by plaintiff in an automobile accident. It was before us originally on an appeal from a judgment on the merits. See Smith v. Southern Farm Bureau Casualty Insurance Company, 164 So.2d 647. It is before us at this time on appeal by plaintiff from a judgment dis *578 missing the latter’s demand that defendant, Southern Farm Bureau Casualty Insurance Company, he ordered summarily to pay “all of the court costs” incurred in this proceeding.
Judgment on the merits was rendered by the trial court on January 2, 1964, in favor of plaintiff and against defendant, Southern Farm, for the principal sum of $3500.00, with legal interest thereon from date of judicial demand until paid, “and for all costs of this suit.” The third party demand of Southern Farm against Dovic Fontenot for contribution was rejected. On appeal, we affirmed that judgment. (164 So.2d 647).
A writ of certiorari was granted by the Louisiana Supreme Court, and after a hearing that court amended the original judgment to allow the demand for contribution asserted by Southern Farm Bureau Casualty Company against Dovic Fontenot, the third party defendant in the suit, and in that judgment the Supreme Court ordered “costs to be assessed equally against said parties.” See opinion at 247 La. 695, 174 So.2d 122.
After the above mentioned judgment had been rendered by the Supreme Court, Southern Farm paid to Mrs. Alma Smith the sum of $3845.00 in cash, and it obtained a receipt for that payment from her. The receipt is dated April 22, 1965, it was executed by Mrs. Smith before a notary and two witnesses, and it recites that the sum paid is “in full payment” of the judgments rendered in this matter by the trial court, by the Court of Appeal, and by the Supreme Court. The receipt further provides that Mrs. Smith “does hereby grant a full acquittance to Southern Farm Bureau Casualty Insurance Company for any amount or amounts owed to her by the said SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY.”
Several weeks after that payment was made Mrs. Smith caused a rule to issue directing Southern Farm to show cause “why it should not be ordered to pay all of the court costs incurred in the above entitled proceeding, with only a right to reimbursement of part of the costs from its third party defendant, Dovic Fontenot.” After trial of that rule, the trial judge concluded that Southern Farm was no longer liable for any additional costs in view of the acquittance which had been given by plaintiff, and judgment thus was rendered dismissing the rule. The present appeal was taken by plaintiff from that judgment.
Shortly before this rule was dismissed, the trial judge rendered judgment in favor of Southern Farm and against the third defendant, Dovic Fontenot, for the sum of $1922.50, with legal interest thereon from date of judicial demand, and “for one-half of any and all court costs” which Southern Farm may have paid in this suit.
The record does not show what costs have been paid by Southern Farm. For the purpose of disposing of the issues presented here, however, we will assume that plaintiff is correct in her assertion that Southern Farm has paid only one-half of the costs incurred in this suit. Plaintiff argues that she is liable to the Clerk of Court for the unpaid portion of such costs, and that she thus is entitled to judgment compelling Southern Farm to pay all of such costs, subject to its right to reimbursement of a part of them from the third party defendant. Southern Farm contends, among other defenses, that plaintiff is barred by the release and acquittance which she executed from requiring the defendant to pay any additional amounts as court costs incurred in this proceeding.
We agree with the conclusion reached by the trial court that the release and acquittance which plaintiff granted to Southern Farm on April 22, 1965, completely relieves the latter from any further liability to plaintiff under the judgments which have been rendered in this suit, and that it includes the release of liability to plaintiff for any additional costs.
The plaintiff in a civil action is primarily bound for all costs until the de *579 fendant is cast in judgment. Kilcrease v. Ouachita Coca Cola Bottling Company, 197 So. 165 (La.App.2d Cir. 1939); Allen v. Shreveport Mutual Building Association, 183 La. 521, 164 So. 328. Unless otherwise provided by law, the court may render judgment for costs or any part thereof against any party as it may consider equitable. LSA-C.C.P. art. 1920.
The judgment which was rendered in this case finally fixed the extent of Southern Farm’s liability to plaintiff for damages, interest and costs. The award of costs constitutes a part of the total award which was made to plaintiff, and it is as exigible as any other portion of the judgment. The release and acquittance which was granted by plaintiff to that judgment debtor, however, fully and completely relieves Southern Farm from any further liability to plaintiff under that judgment, including its liability to her for costs as well as for principal and interest. Since plaintiff has formally released Southern Farm from any further liability to her under that judgment, she clearly has no right or authority to compel Southern Farm to pay any additional amounts under that judgment.
The Clerk of Court has made no appearance in this proceeding, so we are not confronted with the question of whether he can recover unpaid costs from Southern Farm. We express no opinion, therefore, as to whether the Clerk has the right to proceed against that defendant for costs under the circumstances presented here.
For the reasons herein set out, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.