DAWKINS, J.
Plaintiff sued her husband for separation from bed and hoard upon the' grounds of cruel treatment and public defamation. Defendant denied these allegations and reconvened for an absolute divorce on the charge of adultery. The case was tried, both upon the original and reeonventional demand, and after some delays, the trial court informed defendant that unless he paid the stenographer (the latter having refused to file the note of evidence without being paid), the court would proceed to decide the case without regard to the filing of the testimony.
Thereupon, defendant made this application for writs- of certiorari, prohibition, and mandamus to prohibit the said judge from deciding said cause without such testimony, and to compel him to order the filing thereof by the stenographer, who had been officially sworn as such.
Opinion.
[1] Article 552 of the Code of Practice provides :
“The costs to be paid by the party cast include not only the taxed costs, but also all the expenses * * * in taking testimony by commission, and the compensation allowed for their services to such experts, auditors, or judicial arbitrators, as, may have been appointed in the suit; and also the costs of copies of notarial acts, of judgments, and other copies of the records of other public officers, necessary in the cause.”
Section 4 of Act 203 of 1898 permits clerks of court to demand of plaintiff a deposit of $10 with the filing of each civil suit, one half of which he is entitled to keep and the other half to be turned over to the sheriff. Section 5 allows them to also demand security for costs of plaintiff “at the time of filing suit,” or after the advanced costs have been consumed; and provides the manner in which they may collect their costs from plaintiff, which become due and collectible on January 1st and July 1st of each year. The bill must be approved by the court and 10 days’ notice given the surety before execution can issue.
The plaintiff is therefore primarily bound for the costs in every suit which he brings, and the defendant owes no costs until he is cast. C. P. 549; Fink, Executor, v. Martin, 10 Rob. 147 (Bk. 19 Reprint Ann.) and authorities cited in notes. The reason for this rule of law is that the plaintiff is the party provoking the litigation and until he has obtained a judgment against defendant, who is brought into court, not voluntarily, but by the suit, has no right to tax the latter with costs. Plaintiff commences the proceedings requiring the services of the officers of the court, and should therefore pay for them until it has been otherwise decreed. Then, too, the judgment which he obtains carries with it the costs, becomes his property, and having paid the costs, he may recover the same in the execution against defendant.
[2] Respondent judge contends first that Act No. 64 of 1900 amending and re-enacting Act No. 28 of 1890 with reference to stenographers or shorthand reporters throughout the state, other than the parish of Orleans, is unconstitutional; but that, in any event, a defendant who makes a reconventional demand becomes the plaintiff as to that demand, and is therefore liable for the costs thereof, within the contemplation of the Act 203 of 1898. However, we do not concur in *1091 that view. The rule of liability for costs of litigants now prevailing in most, if not all, jurisdictions, was unknown to the common law, and in order for a party to be liable therefor, the law must be plain. Louisiana Dig. vol. 2, Verbo Costs, p.-.
[3] The Code of Practice, art. 374, defines a reeonventional demand as follows:
“The demand which the defendant institutes in consequence of that which the plaintiff has brought against him is termed a demand in re-convention.”
And by article 375, the reeonventional demand must be connected with and incidental to the main action, unless the parties reside in different parishes, in which event, it may be upon any cause; while article 377 provides that in all cases where the defendant is entitled to make a reeonventional demand, he may “plead it either as an exception in his answer to the principal demand, or institute a separate and distinct demand. :|i * * »
It would seem therefore, if he is entitled by express law to plead his demand as an exception in his answer, he should be permitted to sustain the same by proof, just as any other plea which he is allowed by the rules of pleading and practice to make, and that his relation to the subject of costs is in no wise changed — plaintiff, being primarily liable for costs, is liable for those of the “exceptions” or demand in reconvention. See Canal Co. v. Kopke, 106 La. 609, 31 South. 156; Oil Co. v. Jennings et al., 116 La. 347, 40 South. 727.
[4] With respect to the constitutionality of the Act 64 of 1900, we do not think the respondent, as judge, is entitled to raise such an issue in the manner sought to be done here.
[5] That act (64 of 1900) authorizes the clerks of the district courts to appoint, with the approval of the judge, competent shorthand reporters to report and transcribe testimony in open court or chambers, and section 2 reads:
“That it shall be ’ the duty of the clerks of the district courts to file in court, within ten days of the taking of same, a transcript of the testimony so reported, printed, typewritten or written in a legible hand.”
Section 3 further authorizes.them to charge 15 cents per folio of 100 words, “to be charged as costs”; and they are by section 4 made responsible on their official bonds for such damages as may be suffered by the incompetency or negligence of such reporters. Section 5 authorizes the judges to make the appointment where clerks refuse or neglect to do so, in which case the reporters must give bond in the sum of $1,000 for the performance of their duties; and where the appointment is made by the judge, section 6 expressly provides that—
He “shall be entitled to collect in the’manner provided by law for the payment of the costs of clerks of the district courts within ten days after the filing of the evidence, their fees from the plaintiff in the suit, on their sworn statement of the correctness of their charges, approved by the judge, to be taxed as part of the costs of the suit.”
We conclude, therefore, that it was the duty of the court below to require the stenographer to file the note of evidence in this case and that the latter should look to the clerk or the plaintiff for the payment of his fees as provided by law.
For the reasons assigned, the rule herein is made peremptory, and the respondent is directed to order the filing of the evidence in accordance with the views herein expressed in the manner provided by law, and is not to decide said cause until this has been done.