### KILCREASE v. OUACHITA COCA COLA BOTTLING CO., Inc.

#### No. 6098.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1939.

James H. Dormon, of Monroe, for appellant.

Shotwell & Brown, of Monroe, for appellee.

DREW, Judge.

This is a suit which was filed in forma pauperis. The testimony was taken down by the court reporter but was not transcribed, and is therefore not in the record. The lower court decided the case without the transcribed evidence having been filed and plaintiff, whose demands were rejected, has perfected an appeal to this court.

Plaintiff has appeared here and filed a motion to remand the case. The motion is as follows:

"Now into this Honorable Court comes Harmon H. Kilcrease, plaintiff-appellant in the above entitled and numbered cause appearing herein solely for the purpose of this motion to remand, and says:

"1. That this case was tried in the Honorable City Court for the City of Monroe; that the amount prayed for was $499.00; that the said City Court was sitting as a Court of Record and that the Honorable Court of Appeal for the Second Circuit for Louisiana, has appellate jurisdiction over the said City Court in this said case;

"2. That this case resulted in a judgment in defendant's favor rejecting plaintiff's demands; that plaintiff perfected a devolutive appeal to the Honorable Court of Appeal for the Second Circuit from this judgment;

"3. That the record of this case was lodged in the Court of Appeal before the return date fixed by the Court;

"4. Appearer avers that when this matter came on for trial in the City Court, F. O. Browning was appointed as court reporter to take the evidence in the case; that this is a pauper case, that is, it was filed under the provisions of the Louisiana statute, relative to suits in forma pauperis; that upon learning this, the said court reporter refused to take the evidence unless someone of responsibility guaranteed the payment of his charges; that, thereupon, counsel for defendant made some arrangement with said court reporter and the case proceeded and the evidence was taken in shorthand.

"5. That the case was decided by the City Court without the benefit of a note of evidence.

"6. Appearer avers that he has just learned, through his attorney, that the said court reporter has never transcribed his shorthand notes and that the record in this case was lodged in the Court of Appeal without the note of evidence; that appearer is informed and believes, and so believing avers that the court reporter has refused to transcribe his shorthand notes and deliver a note of evidence to this Honorable Court until he is paid for his services.

"7. Appearer avers that it is the duty of the Clerk of the City Court of Monroe to lodge in this Honorable Court a complete transcript of this case, including a note of evidence; that it was the duty of the City Court to supply a court reporter who could and would take and transcribe this note of evidence.

"8. Appearer avers that he is entitled to have his case heard and decided by the Court of Appeal and that this Court cannot decide the case unless the record is complete; that appearer is entitled to have this case remanded by your Honorable Court to the City Court of Monroe with instructions to the Clerk of Court to complete the record in this case by inserting the note of evidence, and to return the same to this Honorable Court so that this case may be refixed for argument; that a time should be fixed within which the Clerk shall complete the record and return same to this Honorable Court.

"9. That this case has been fixed on the docket of the Court of Appeals for argument on Wednesday, November 8, 1939; that this should be upset and continued until the time when the complete record is returned to this Court."

■ That part of the motion relating to the case being remanded is well founded. Articles 549 and 552 of the Code of Practice and Act No. 203 of 1898 make the plaintiff primarily bound for all costs until defendant is cast in judgment. Crespo v. Viola, 152 La. 1088, 95 So. 256.

■ Act No. 156 of 1912, commonly designated as the Pauper's Act, relieves an impecunious litigant from the payment of costs as it accrues, but in doing so does

not deprive him of any right granted to other and more fortunate litigants who are financially able to pay costs.

■■ Under the law, plaintiff was entitled to have the testimony in this case taken down by a court reporter. That was done. He is also entitled to have the testimony transcribed and filed in the record. However, this is not the proper court in which plaintiff should seek this relief. The court of original jurisdiction is the correct one.

We conclude, therefore, that the case should be remanded to the lower court in order that plaintiff may take the proper steps to complete the record, and if and when this is done, the case be returned to this court for hearing.