This suit was instituted as a possessory action by plaintiff, who prayed that she be quieted in her possession and ownership of a certain described tract of land located in Natchitoches Parish, Louisiana, as against the disturbance of the defendant. After some preliminary pleadings the defendant answered, alleging his ownership of the tract of land involved and calling in warranty the St. Denis Securities Company, Inc., the Rio Hondo Land Company, Inc., and James W. Jones, Jr., his vendors. Warrantors answered, alleging ownership and valid title, subject to their deed of conveyance to the defendant of date October 21, 1944.
This action was instituted on November 20, 1944, was first tried in 1945, reopened for the purpose of receiving additional evidence in 1947, and judgment was rendered by the District Court and signed on January 16, 1948. The judgment rejected the demands and claims of the defendant and warrantors as plaintiffs in a petitory action, but gave judgment in favor of the defendant against his warrantors in the sum of $200.00, together with interest and costs. Plaintiff's demand for damages for trees cut from the property described were rejected. From this judgment defendant and warrantors have appealed.
A plea of prescription of 10 years was filed on behalf of defendant and warrantors, which plea is urged on appeal before this Court. Inasmuch as our finding on the facts disposes of the point raised by the plea, our opinion will be confined to the merits of the case.
There is no question of law before us in this case and the resolution of the litigation rests squarely upon a finding of fact.
The dispute involves a question of title to a triangular-shaped tract of land embracing approximately one-tenth of an acre lying in the fork of the roads formed by the junction of Highway No. 20 and the Oak Grove or Spanish Lake graveled road designated as Highway C-1662, some three or four miles west of the City of Natchitoches, Louisiana, in Section 38, Township 9 North, Range 8 West.
Plaintiff alleges the acquisition of prop erty embracing this tract of land by inheritance from her deceased husband, Sam Levy, who acquired title by conveyance from J.S. Jolly through deed dated March *Page 46 
31, 1927. Defendant claims title by virtue of deed of conveyance from St. Denis Securities Company, Inc., Rio Hondo Land Company, Inc., and James W. Jones, Jr. by deed dated October 21, 1944.
It appears that James W. Dixon, a common ancestor in title, owned a tract of land of some 800 acres, more or less, lying on each side of the Spanish Lake Road at and near its intersection with the Natchitoches-Powhatan Highway (now Highway 20). In the deed to Sam Levy the center of the Spanish Lake Road was designated as the south boundary of the tract conveyed. In the deed dated November 28, 1921, from Dixon to John R. Jones, from whom J.W. Jones, Jr. acquired by conveyance dated December 5, 1932, the tract conveyed is described as being bounded on the north by the Spanish Lake Road. The deed from John R. Jones to James W. Jones, Jr. specifically sets forth the intention of the vendor to sell all of "that certain tract of land acquired by him and owned by him south of said road" acquired by the conveyance from Dixon. A sketch of the tract of land conveyed by the instrument referred to comprising approximately 3 1/2 acres, which is noted on the deed, shows the location to be south of the Spanish Lake Road.
It is evident beyond any question that the Spanish Lake Road constituted the boundary between the respective owners from whom the litigants in this case derived title, and it is obvious that the road was fixed as the south boundary of the Levy tract and the north boundary of the Jones tract.
This being the case it would be easy of determination, save for the fact that it is the contention, zealously urged on behalf of the defendant and warrantors, who occupy the position of plaintiffs in a petitory action, that there has been a change in location of the Spanish Lake Road, since the time when it was fixed as the boundary, of such nature and extent as would throw the tract of land here involved north of the presently existing Spanish Lake Road, whereas the same tract was originally south of the road as it existed at the time of the conveyance in question. This is the proposition of fact upon which this case turns and which was resolved against the contentions of defendant and warrantors and in favor of the original plaintiff in suit.
[1] It is well established that defendant and warrantors, having converted this suit into a petitory action, are charged with the burden of proof under which it is incumbent upon them to establish their rights on the strength of their own title and not on the weakness of that of their opponent.
Defendant and warrantors rely upon the testimony developed in the examination of some 19 witnesses, the gist of which testimony is to the effect that a change was made in the location of what was known as the old Spanish Lake Road at the time the same was taken over and graveled by the State under the designation of Highway C-1662 in or about the year 1940. The testimony of these witnesses was analyzed, and we think correctly, by the learned Judge of the District Court in assigning his reasons for judgment. The District Judge did not question, nor do we, the entire good faith and the truthfulness of the witnesses. But the fact remains that the memory of man is a frail faculty which is not always reliable. In the instant case we think the character of testimony relied upon by defendant and warrantors is considerably less dependable than that submitted in behalf of plaintiff. In addition to the testimony of several lay witnesses who were very positive that the road had not been changed, plaintiff offered the expert testimony of one Gainnie Hyams, backed by two sketches of surveys, one of which was made in 1921 and another in 1939. Mr. Hyams' qualifications appear to be such as demand especial respect for his testimony. At the time of trial he was 74 years of age; had been a resident of Natchitoches Parish for almost sixty years; a qualified surveyor for 50 years; served at one time as Parish Assessor and was the Parish Surveyor at the time of trial. Mr. Hyams testified particularly with reference to the plat of his survey made in June, 1939, at which time the State had not taken over and graveled the Spanish Lake Road. In connection with the litigation at hand it was shown that Mr. Hyams had made another survey about a month before trial which checked almost exactly with the *Page 47 
survey evidenced by the plat prepared in 1939. The exactness of the two surveys is demonstrated by the fact that he showed an error of only some 12 to 18 inches in the location of the points of the survey. The testimony of this witness was definite and positive on the point that there had been no change in location of the Spanish Lake Road at the situs of the property in dispute.
This conclusion is borne out by the introduction of plan and profile blueprints prepared by the State Highway Department covering State Route C-1662 approved in November, 1939. These prints convince us that the highway C-1662 at and in the immediate vicinity of the junction with Louisiana Highway No. 20 was built exactly over the then existing road known as the old Spanish Lake Road.
We think the error on the part of the numerous witnesses who testified on behalf of defendant and warrantors was induced by the fact that the old Spanish Lake Road was indeed changed to the extent of being considerably widened. This fact doubtless impressed these witnesses to such extent that they testified in utter good faith some years later to circumstances with respect to construction of the new road under the mistaken impression that there had been a change in location.
Another material factor in the consideration of this matter appears from an examination of the right-of-way grants to the State of Louisiana. By instrument dated December 18, 1939, Samuel Levy granted to the State of Louisiana a right-of-way for the particular use of the State in the location and construction of Road No. C-1662. The property granted for the right-of-way set forth is described as being a strip or parcel of land having a width of 30 feet from the center line to the right or north side, or a total right-of-way of 30 feet in width between survey stations 1 / 96.4 and 14 / 00. A similar conveyance from the Rio Hondo Land Company, Inc. by James W. Jones, Jr., on the same date, granted a strip or parcel of land having a width of 30 feet from the center line to the left or south side, beginning at survey station 1 / 96.4, intersection of Road No. C-1662 with State Road No. 20, and extending to survey station 14 / 00, north property line. After passing the point designated as survey station 14 / 00 the act of conveyance grants a strip 30 feet on each side of the center line, or a total right-of-way of 60 feet in width, for a distance designated with respect to survey stations. Reference to the highway plan and profile prints of Highway No. C-1663 shows that the area between stations 1 / 96.4 and 14 / 00 includes the entire property line within which the lands of Levy and Jones were contigous.
It is obvious that if the plan for Highway C-1662 contemplated any change with respect to the center line thereof, the respective rights-of-way of 30 feet from Levy and 30 feet from Jones would have no meaning. That the highway department was careful in its negotiation for rights-of-way is amply demonstrated by the fact that the entire right-of-way of 60 feet beyond station 14 / 00 was obtained from Jones. If it was proposed to relocate the center line of the road, and if, in fact, it was relocated, then clearly the State failed to obtain a proper right-of-way. This, however, is beyond the facts since there is not the slightest reason to conclude that any relocation was proposed or made between the points considered.
[2] In further support of the conclusion reached by the District Judge there are other circumstances which have impressed us during our consideration of the record. There is testimony to the effect that both this defendant, E.J. Stephens, and James W. Jones, Jr., one of the warrantors, attempted to buy the tract here in dispute from this plaintiff. Additionally, it is noted that there was introduced in evidence the record in a suit of Mrs. Lee Craig Levy against Mrs. George Clemons, which involved the same property. The judgment of the District Court in the suit referred to, which recognized plaintiff, Mrs. Lee Craig Levy, as the owner of the tract of 45 1/2 acres, was rendered by Hon. James W. Jones, Jr., who was then the Judge of the Tenth Judicial District Court, and who now appears in this suit as one of the warrantors. Conceding the point that the judgment in the Clemons suit is not necessarily binding upon the parties to *Page 48 
this litigation, it is nonetheless a fact of persuasive effect that the trial Judge adjudicated the question of title and ownership to a tract of land to which he is now claiming title and ownership without imposing his claim at the time. On appeal to this Court the judgment of the District Court, with some modifications and amendments, was affirmed. Levy v. Clemons, La. App., 3 So.2d 440.
[3] In her petition plaintiff claimed certain damages for the cutting of trees located on the property described, which demand, however, was rejected by the District Court. Since no answer to the appeal urging this relief has been filed in this Court by plaintiff, it follows that the judgment of the District Court in this respect must be affirmed.
[4, 5] After careful consideration of the rather voluminous record before us in this case, for the reasons which are above set forth, we find no manifest error in the resolution of the question of fact determined by the District Judge, which would in any degree justify a reversal of the judgment appealed from. We observe that the formal judgment of the District Court did not include a description of the property involved, as required by law, and, accordingly, we correct this defect, ex proprio motu, in our decree.
For the reasons assigned the judgment appealed from is amended and as amended is affirmed, and it is now ordered, adjudged and decreed that the demands of defendant and warrantors as plaintiffs in a petitory action be and the same are hereby rejected, and the possession and ownership of plaintiff, Mrs. Lee Craig Levy, is recognized and confirmed in and to the property described as being: "That portion of Sec. 38, T. 9, R 8, lying in the fork of the Natchitoches-Spanish Lake and the Natchitoches Powatan road commencing in the middle of the Spanish Lake road where the Section line between Sec. 37 38 cross said road which point is 31.5 chains southwest corner of Sec. 38, thence North 39 degrees, 39' East along the line between sections 37 38 29.20 chains to the center of the Powatan-Natchitoches Road, thence Southeast down the center of the said road to point 1, chain west of its intersection with the Spanish Lake Road, thence in a Easterly direction down the center of the Spanish Lake Road to the point of beginning, said tract containing 45 1/2 acres of land."
It is further ordered, adjudged and decreed that the demands of plaintiff for damages for trees cut from the property described be and the same are hereby rejected.
It is further ordered, adjudged and decreed that there be judgment herein in favor of the defendant, E.J. Stephens, and against his warrantors, the St. Denis Securities Company, Inc., Rio Hondo Land Company, Inc., and James W. Jones, Jr., in the amount of $200.00, together with legal interest thereon from date of judicial demand until paid.
It is further ordered that all costs of this suit be and they are taxed against the said named warrantors.