TALIAFERRO, Judge.
This action is a sequel to that decided by this Court in June, 1949, opinion in which is reported in La.App., 41 So.2d 242. In that proceeding (by rule) E. J. Stephens was made defendant, whereas in the instant action (also by rule), James W. Jones, Jr., St. Denis Securities Company, Inc., and the Rio Hondo Land Company, Inc., are the defendants. They were ruled, through Mrs. Lee Craig Levy, successful plaintiff in suit No. 7194, on the docket of this Court, La. App., 36 So.2d 44, to show cause why the costs in that suit should not be fixed at $214.79, and they be,ordered to pay the same, pursuant to the judgment in said cause No. 7194.
The defendants filed numerous pleas and exceptions. They are:
1. A plea to the court’s jurisdiction to issue, hear and decide the question tendered by the rule. The plea is based upon the premise that the judgment of this Court *645 in said suit No. 7194 ha's not been recorded in the records of the lower Court, in keeping with the requirements of Art. No. 619 of the Code of Practice, and until this has been done, execution of the judgment cannot be had because the jurisdiction of the lower Court, divested by the appeal, has not been re-invested.
2. An exception of vagueness which is directed against the lack of facts, data and information, going to make up the items constituting in full the cost bill, alleged upon, consisting of:
Clerk’s Cost $101.25
Sheriff’s Cost 12.04
Witness fees, etc. 26.50
Court Reporter 75.00
$214.79
3. Exceptions of no right and no cause of action. Several bases are assigned to support these exceptions: (a) that the demand herein is a new one and is for a moneyed judgment, which cannot be awarded in any case through the function of a rule; (b) that the right to demand payment of Court costs, exclusively, reposes in the Clerk of the Court, “who. is at all times responsible for costs”, etc.; (c) that plaintiff has not alleged that she has paid said costs, and that since the Court of Appeal has adjudged the war-rantors, defendants herein, responsible for the costs involved herein, “that decree is a definitive judgment within itself”; (d) that the original suit (No. 7194) is no longer pending and for this reason no incidental or summary proceeding may be invoked or conducted in connection therewith; (e) that the right to proceed by rule in any case does not exist save when expressly authorized by statute and no such statute has been adopted to fit the present case"; (f) that plaintiff, not having alleged that all of said costs have been paid by her, “then her right would only be given by original demand.” ■ There are apparent inconsistencies between some of these alleged bases.
The trial judge overruled the plea and the exceptions, and made the rule absolute. Defendants appealed to this Court and re-urge the exceptions and plea. They will be discussed and passed upon in the order given, to-wit:
1. Code of Practice, Article 617,- provides that' the execution of a judgment belongs to the Court that tried the case in the first instance. Article 618 provides that the appellate court that' has pronounced judgment in a case appealed to it, “must send the same to the inferior court, in or-def that it may be executed.” And Article 619 reads as follows: “This judgment can not even be executed, until it has been recorded in the records of the inferior court which first had cognizance of the cause.”
These articles, especially No. 619, are relied upon to support the plea to the Court’s jurisdiction, it being alleged that the judgment of this Court in suit No. 7194 has not been recorded in the records of the lower Court. It is shown that said judgment has been registered in the conveyance and mortgage records off Natchitoches Parish, but we do not believe such registry meets the intention of the quoted article of the Code of Practice.
It is the duty of Clerks of. Court to keep a “well bound book” in which pleadings, judgments, etc., should ’ be registered. Dart’s General Statutes, § 1627, Act No. 17 of 1878, § 1., Such a book is generally called “Judgment and Pleadings Record”.
The Supreme Court in Thomas v. Goodwin et ah, 120 La. 504, 45 So. 406, and in other cases, held that the requirements of Article 619 of the Code of Practice were mandatory and compliance 'therewith was necessary before a judgment of an Appellate Court could be executed.
However, be this as it may, the present proceeding has not for its immediate object and purpose the execution of the judgment of this Court. It is designed to have definitely fixed the liability, in dollars and cents, of the defendants so that when and if execution is issued all concerned will know the extent of such liability. This may never occur.
We are of the opinion that the exception of vagueness should have been sustained. The law provides definitely the *646 official acts of Clerks and Sheriffs in civil cases for which they may charge, and fixes the amount of each. It also limits the number of witnesses in a case whose mileage and per diem are chargeable to the unsuccessful litigant. In like manner there is limitation upon the compensation due the reporter who officiates in the case. To determine whether the items of cost involved herein are proper and legal charges against the defendants, it will be necessary that each item be broken down and the various charges making up the total in each instance shown. Defendants are within their rights when they insist that this be done as a condition precedent to the fixing of the measure of their liability under the judgment casting them for costs.
The exceptions of no cause and no right of action are not well founded. The procedure adopted by the plaintiff herein to have the costs fixed is entirely proper. It has so been held several times by the Courts of this state. See: Casey v. H. Abraham & Son et al., 113 La. 581, 37 So. 484; Larcade et al. v. Iseringhausen et al., 150 La. 1044, 91 So. 505; General. Finance Company of Louisiana v. Veith, La.App., 184 So. 364; Price et al. v. Town of Ruston, La.App., 148 So. 512.
Such a procedure is in no sense of the term a "new suit" nor a demand for a moneyed judgment. It is merely ancillary to the original suit; in fact, this procedure is the sole method for determining and fixing costs in an adjudicated case. The above-cited cases so held.
Because plaintiff has not paid in full (if such be true), the costs of the suit, is no bar to her proceeding as she has done. A. plaintiff (unless some express law is to the contrary) is responsible for costs of suit throughout its pendency and on to final judgment. Crespo v. Viola, 152 La. 1088, 95 So. 256. If the cast defendant is execution proof, plaintiff may be required to pay such costs. The existence of this liability gives to the plaintiff the right to proceed as has been done herein.
The ruling of the lower Court with respect to the plea to the jurisdiction and the exceptions of no cause and no right of action are affirmed, but we disagree "with the ruling on the exception of vagueness, and the judgment appealed from, to that extent, is reversed and set aside. This case is now remanded to the lower Court with directions to reinstate and sustain the exception of vagueness; and thereafter to proceed with the case, in keeping with law and this opinion. Appellee is cast for costs of appeal.