TALIAFERRO, Judge.
This case has been considered by this court heretofore. 46 So.2d 643. The issues therein were then passed upon and the Supreme Court approved of what we said and did. The case was remanded with instructions to reinstate a plea of vagueness, and sustain the same. This has been done. To comply with the Lower Court’s ruling on the plea, the plaintiff amended her petition, attaching to and filing therewith an itemized copy of account of the costs in the case as it appears upon the records of the Clerk *843 of Court. The account aggregates $219.-79, the larger items of which, are:
Court Reporter Fees .$75.00
Certified copies of 8 deeds filed in the original action . $60.50
Fees of 18 witnesses (6 for ptf. 12 for defts.) . 26.50
There was judgment for plaintiff for $171.31. This amount was arrived at by reducing the reporters’' fees to $41.52, and by crediting defendants with $15.00, being three (3) filing fees deposited in the three cases appealed to this court. Defendants appealed. Plaintiff did not appeal nor has she answered the appeal of defendants.
Defendants in rule particularly challenge the correctness, in whole or part, of the above named three charges. They say the charges for copies of deeds should be eliminated entirely as being not a proper charge; that the reporter’s fees should be reduced to $41.52, and that only 6 witnesses should have been paid for attendance at the trial, or $6.50, whereas 18 witnesses have been paid or payment to them is proposed.
The reporter who acted in the trial of the original action (petitory), La.App., 36 So.2d 44, made a bulk charge of $50. It is not known whether the charge was based upon page work or by the 100 words, or upon either. Defendants’ assiduous counsel testified that he had counted the words of the testimony and found same to be 22,374, for which he says only 150 per one hundred words should have been charged, or $32.56, a difference of $17.44; and that in the record -of the trial of the first rule, La.App., 41 So.2d 242, for which the reporter charged $25.00, there are by count by him only 5,975 words, which, charged at 150 per hundred, would amount to $8.96, a difference of $16.-04. On this score, defendants contend that excessive costs to the amount of $26.44 have been charged. This, of course, is predicated upon the position that for such services a charge of 150 per hundred is the limit. As regards the number -of words taken down and transcribed by the reporters, plaintiff’s counsel do not question the count made by defendants’ counsel. He fully explained the method of computation adopted' by him, and we accept it as did the trial judge.
Defendants invoke the provisions of Act No. 64 of 1900 as sustaining the contention that for taking down and reporting testimony in a civil case, court reporters-' are limited to 150 per hundred words; and the Lower Court followed this Act. However, we believe this Act repealed by implication by subsequent legislation, particularly by Section 961 (F), Title 13 of the Louisiana Statutes Annotated — Revised Statutes of 1950, which fixes the fee for such services at 200 per hundred words. This section of the Revised Statutes contemplates the employment regularly of a court reporter by the Judge of the court, the Police Jury of the Parish concurring.
The manner and method of selecting reporters for the court in Natchitoches Parish is not disclosed, but, obviously, the reporters in the present litigation were, at least, named by the Judge of the court, and are entitled to be compensated for their services. We believe that such compensation should be 200 per hundred words, as fixed by Revised Statutes. If such services were worth 150 per hundred words in 1900, surely they are worth 50 more per hundred words now.
Regarding the challenge against the charge for copies of deeds introduced in evidence on trial of the original suit, we are quite dear in the opinion that appellants’ position is not tenable. Article 552 of Dart’s Revised Code of Practice settles this question. After enumerating various items of cost for which the cast party may be liable, this article says: “and also the costs of copies of notarial acts, of judgment, and other copies of the records of other public officers, necessary in the cause.”
It cannot be seriously said that deeds, being muniments of title of land involved in a petitory action are not “necessary to the cause”, and without them the case could not be properly tried.
Speaking of witnesses and witness fees in civil cases, Article 472 of Dart’s Revised Code of Practice reads: “Such costs shall be taxed with the taxed fees to be paid by *844 the party cast, provided the number of witnesses summoned in a suit by each of the parties does not exceed six on each side. Each of the parties must pay the witnesses summoned by them respectively beyond that number.”
This article was applied, as written, in Barker v. Houssiere-Latreille Oil Company, Inc., 163 La. 555, 112 So. 415.
It appears that plaintiff summoned six witnesses in the present case. It, therefore, follows that defendants are liable for their fees and mileage, or $6.50. As to the witnesses summoned by defendants, whose combined fees and mileage amount to $20, it appears that they have not been paid by anyone. In view of this fact, we believe it would be proper, under the circumstances, to delete this amount from the cost bill, and relegate same to defendants for payment. Anyway, we would not know which ones of the defendants’ witnesses should be paid, in view of the condition of the record.
Defendants were charged by the Clerk of Court with $5 in each of the three appeals to this court, being filing fees, required by its rules. In so doing, he erred, as defendants produced and filed in the record three receipts from said Clerk, each for $5, evidencing deposits with him in order to perfect said three appeals. Plaintiff’s counsel concede this error. Defendants claim credit for this amount and are entitled to it.
Defendants complain of the Lower Court’s rejection in toto of their recon-ventional demand. There is no basis for such a demand beyond the $15 above discussed. Defendants’ counsel, one of the defendants, as a witness, admitted that neither he nor the other defendants has paid any part of the charged costs beyond said $15. As to this amount, it has been removed as a charge by deleting it from the account.
Appellants also complain that the account was not proven by competent testimony. While the testimony in support of the account might have been of a stronger character, yet it was adequate to make out a prima facie case for plaintiff and this case has not been overcome save insofar as herein discussed.
Summarizing, we think the account of the Clerk of Court should be reduced in the following named respects, viz.:
Reporters’ fees . CO Li o
Filing fees, Court of peal . o o
Witness fees ...20.00
Total $53.30
Therefore, for the reasons herein assigned, the judgment from which appealed, is amended by reducing the amount thereof to $166.49, and as thus amended, ** is affirmed with costs.