HARDY, Judge.
This is a suit for the recovery of damages suffered by plaintiff’s truck as the result of an intersectional collision with an automobile owned and driven by defendant. From judgment in favor of defendant awarding damages on his reconventional demand, plaintiff has appealed.
*476 At about S :00 o’clock P.M., during the late afternoon traffic rush period in downtown Shreveport, a GMC panel truck owned by plaintiff and driven by its employee, one Wallace Hanks, which was proceeding north on Marshall Street, a right-of-way thoroughfare, collided with a Studebaker Sedan owned and operated by defendant, who was driving west on Franklin Street and at the time was engaged in entering and making a left turn on Marshal] Street.
Despite conflict of testimony as between the eyewitnesses to the accident, we think certain pertinent facts are well established. Defendant was moving slowly out of Franklin Street into Marshall Street in front of two lines of northbound traffic, which effectively obscured his view to the south, and entirely failed to observe the approach of plaintiff’s truck, which was also inbound, moving north in a third traffic lane, until practically the moment of impact. Plaintiff, who was driving at a moderate rate of speed in the third traffic lane, which would have placed him approximately in the center of Marshall Street, did not perceive defendant’s entrance into the “T” intersection until he was only a few feet distant, at which time he applied his brakes, swerved slightly to the left then back to the right in an unsuccessful attempt to avoid the collision. The impact damaged the right front of defendant’s car and the right side of plaintiff’s truck from a point near the cab door back to the rear fender.
We think no purpose would be served in laboring an analysis of the testimony of the witnesses with relation to the facts. Nor do we think there is necessity for any extended discussion of the jurisprudence bearing upon this case. We have experienced no difficulty in concluding that defendant was guilty of the primary act of negligence in entering a blind intersection with a favored street burdened with unusually heavy traffic. Nor is there any doubt as to the contributory negligence of the driver of plaintiff’s truck in proceeding past lines of stopped vehicles at an intersection without the exercise of unusual care and in failing to perceive the entrance into the intersection of a vehicle engaged in negotiating a left turn.
The facts in the instant case, and the law applicable, are remarkably analogous to those considered and determined by this court in Sullivan v. Locke, La.App., 73 So.2d 616.
The judgment appealed from is reversed and set aside and there is now judgment rejecting bo^h the demands of plaintiff and the reconventional demands of the defendant, and it is further ordered that the costs of both courts be and they are hereby apportioned equally between plaintiff and defendant.