GLADNEY, Judge.
Plaintiff instituted this suit to recover property damages as a result of an inter-sectional collision which occurred at East Kings Highway and Youree Drive, Shreveport, Louisiana, about 9:30 o’clock A.M. on August 25, 1955. After issue was joined and trial had on the merits, judgment was rendered rejecting the demands of plaintiff and apportioning the costs of court equally between plaintiff and defendant.
It is alleged that at the time of the accident plaintiff’s son, John R. Fletcher, was driving petitioner’s 1953 Plymouth sedan on East Kings Highway at a speed of approximately twenty-five miles per hour, traveling in the right or extreme south lane of said street and approaching its intersection with Youree Drive, which intersection is controlled by electric traffic signal lights; that the light was green for East Kings Highway and just as Fletcher was entering the intersection the insured of defendant, Mrs. Paul H. Hagens, driving a Buick sedan west on East Kings Highway, undertook to make a left turn into Youree Drive in front of plaintiff’s car, and the collision resulted, causing the damage for which claim is asserted. The defendant admits the facts as set forth above subject to the following qualifications: that when Mrs. Hagens, traveling west on East Kings Highway, approached the intersection with Youree Drive, the traffic signal light was red for westbound traffic and she came to a complete stop and waited until the signal light was green; that she then signalled her intention to execute a left turn to the south and onto Youree Drive and proceeded into the intersection and commenced her turn; that at this time the driver of the Plymouth automobile was a considerable distance from the intersection and as he approached the intersection he increased his speed.
At the intersection the streets are paved, each having four traffic lanes. On East Kings Plighway there are two lanes for eastbound traffic and two for traffic traveling west, which double lanes are separated by a neutral ground, and on Youree Drive there are two lanes for traffic proceeding north and two for southbound traffic, which also are separated by a neutral strip. At the time of the accident both drivers were alone and the evidence adduced upon the trial consists principally of the testimony of the two drivers. Defendant called J. L. Netherland as an eyewitness, but his testimony added little to that of Mrs. Ha-gens. Another witness was G. G. Pierce, a city policeman, who testified he arrived shortly after the accident. His testimony related principally to the point of impact and furnished distances having some bearing on the accident. The place of impact was established as being far over on the south side of the intersection and within the traffic lane traveled by Fletcher.
The answer of defendant-appellee denied generally any negligence on the part *447 of its insured, Mrs. Hagens, and imputing negligence to young Fletcher as a proximate cause of the collision specially plead his contributory negligence. After carefully reviewing the record and giving careful consideration to the law applicable thereto, we are of the opinion the driver of plaintiff’s automobile was guilty of negligence which was a proximate cause of the accident and, therefore, it is unnecessary to discuss at length the negligence of the defendant, Mrs. Hagens. It is our belief, however, that she was also culpable and her negligence was a causal factor in the occurrence of the collision.
Defendant alleges the driver of plaintiff’s automobile was negligent in several particulars: failing to maintain a proper lookout; failing to have his automobile under proper control; traveling at an excessive rate of speed under the circumstances; and failing to afford Mrs. Paul H. Hagens the right-of-way enjoyed by virtue of the fact that she had preempted the intersection. We are convinced Fletcher failed to maintain a proper lookout and was derelict in not having his automobile under proper control as he approached the intersection. The other specifications of fault appear to be without merit.
Fletcher entered East Kings Highway one block west of its intersection with Youree Drive and proceeded east, driving in the extreme right traffic lane. As he approached Youree Drive a truck with high paneled sides was proceeding in the same direction in the adjoining lane to his left, and came to a stop at the intersection ahead of the Plymouth. Plaintiff’s son testified he never did see the automobile of Mrs. Ha-gens before it commenced the turning movement. His explanation was that the Buick automobile was in line with the truck which latter vehicle obstructed his vision to the left as he came up to the intersection at a speed of from twenty to thirty miles per hour. The location of the point of impact indicates Mrs. Hagens had almost crossed the intersection when her automobile was struck.
Mrs. Hagens testified she observed the Plymouth approaching and as she entered the intersection and gave visible signal of her intention to make the left turn, it had reached a point approximately one hundred feet away from the intersection. - After observing the Plymouth up to this point she said she focused her attention upon the truck which was traveling in the left lane of traffic on the south side of East Kings Highway and was signalling a turn. Mrs. Plagens, therefore, was not properly observant of the approach of plaintiff’s vehicle and she frankly stated she did not see it until almost the moment of impact. Fletcher likewise admitted he did not see the Buick automobile until about the same instant the two cars collided.
The Louisiana motor vehicle traffic statute, Chapter I of Title 32 of the Louisiana Statutes Annotated-Revised Statutes of 1950, imposes upon a motorist the strict duty of ascertaining before turning left that there is no traffic approaching from either direction which would be unduly delayed thereby, and specifically requires the motorist to yield the right-of-way and not attempt to make the turn unless the way is clear. The driver is also directed to give a signal plainly visible to drivers of other vehicles of the intention to make such a turning movement before commencing the maneuver. See LSA-R.S. 32:235, subd. A, and 236, subd. B. An additional statutory provision directs the driver of a vehicle approaching, but not having entered an intersection, to yield the right-of-way to a vehicle in such intersection and turning therein to the left across the line of travel of his vehicle, provided the driver of the vehicle turning left has given the signal provided for in Section 236. See: LSA-R.S. 32:237, subd. B.
Fletcher’s testimony clearly shows he did not materially reduce the speed of his artto-mobile before passing into the intersection, and he admittedly proceeded into the intersection when his vision to the left was obscured by the truck in the adjoining lane. In this respect he was unquestionably negligent, for had he slowed his vehicle and approached the intersection in such a manner that he could observe traffic approaching *448 from the left, the accident, no doubt, would not have occurred.
Our jurisprudence in attempting: to resolve the legal situations arising from intersectional collisions has not infrequently pointed out that a motorist whose view is obstructed at an intersection has the duty to drive slowly, so that he may stop in time to avoid striking another vehicle approaching from the intersecting street. He is not relieved of this duty merely because he happens to be driving on a right-of-way street. It is also a recognized general principle of law that where both motorists have failed to observe the other at an intersection and neither has attempted to avoid a collision until the moment of impact, both motorists should be held guilty of negligence and each denied damages. H. & G. Furniture Co. v. Duhon, La.App.1950, 46 So.2d 521; Dickinson v. Hammett, La.App.1947, 30 So.2d 152.
Sullivan v. Locke, La.App.1954, 73 So.2d 616, is a case in which the reported facts are strikingly similar to those herein presented. There, this court sustained a plea of contributory negligence which denied recovery to a plaintiff. It was plaintiff’s contention she had the right-of-way over the defendant who was engaged in attempting a left turn at the intersection. In pointing out plaintiff was not relieved of the duty of making proper observation, the court commented upon the fact that plaintiff was placed on guard by the stoppage of the cars to her left and should have realized these cars had stopped for some purpose, yet she proceeded to cross the intersection without looking to her left or ascertaining whether or not other traffic had entered or was about to enter the intersection. Numerous authorities in support of this ruling are cited and analyzed in the opinion. The Supreme Court in Kientz v. Charles Den-nery, Inc., 1945, 209 La. 144, 24 So.2d 292, 294, appropriately stated:
“It can not and will not be disputed that a motorist, who recklessly and without exercising some degree of caution enters an intersection op a favorable light, is not free from negligence if he collides with another motorist who enters an intersection on an unfavorable light. And it can not and will not be disputed that a motorist can not, in the face of imminent danger, rely upon the right of way accorded him by law.”
Another recent decision of this court, Newspaper Production Co., Inc., v. Taylor, La.App.1955, 83 So.2d 475, under facts similar to the present case, found both drivers negligent and refused relief to both litigants. The accident which caused the litigation occurred when an automobile which had passed in front of two lines of northbound traffic and while negotiating a left turn into a southbound lane was struck by northbound truck moving in the third northbound traffic lane. ' The collision took place at the intersection of Marshall Street and Franklin Street. The court held the negligence of the defendant resulted from his carelessly entering a blind intersection with a favored street burdened with unusually heavy traffic. Negligence was imposed on the driver of plaintiffs truck for proceeding past lines of stopped vehicles at an intersection without the exercise of unusual care and in failing to perceive the entrance into the intersection of a vehicle engaged in negotiating a left turn. The above referred to cases of Sullivan v. Locke and Newspaper Production Co. v. Taylor appear to be ample authority for affirming the decision of the trial court.
Counsel for plaintiff earnestly contends that recent jurisprudence has established the principle that the four lane highways are primarily for moving traffic and provisions of the State Motor Vehicle Traffic Regulatory Act do not apply with particular reference to LSA-R.S. 32:233 — the section regulating overtaking and passing vehicles. Cited to this effect is the case of Mooney v. American Automobile Insurance Co., La. App.1955, 81 So.2d 625. This case, however, is inapposite and not helpful in resolving the issues presented in the instant case. The Mooney case involved two vehicles proceeding in the same direction on a four lane highway and the accident was caused by the vehicle ahead, a school bus, *449 pulling over into the lane to the right in which Mooney, the plaintiff, was traveling and at the instant attempting to pass the school bus. The factual situation in the case at bar involves an intersectional collision which occurred at an intersection of two main city thoroughfares, both four lane highways, and which situation required special caution on the part of drivers engaged in crossing through the intersection.
The trial judge, however, erred in apportioning the costs of court. Article 549 of the Code of Practice provides that in every case the costs shall be paid by the party cast, except where compensation has been allowed, or real tenders made, or as otherwise provided in the Code. This rule is binding upon all trial courts. Kilcrease v. Ouachita Coca Cola Bottling Co., La.App. 1939, 197 So. 165; Crespo v. Viola, 1922, 152 La. 1088, 95 So. 256. The judgment from which appealed should be amended to provide that plaintiff’s demands are rejected at his cost.
It is, therefore, the decree of this court that the judgment from which appealed be and the same is hereby amended, and as so amended, is affirmed at appellant’s cost.