GLADNEY, Judge.
Libert O. B. Ellis and his liability insurer have brought this suit to recover damages involving personal injuries and property loss. Made defendants are F. B. Davis, the owner of a Dodge sedan and his automobile liability carrier, Lumbermen’s Mutual Casualty Company. The defendants, in addition to denial of responsibility for plaintiffs’ claims, have incorporated in their pleadings a reconventional demand against Ellis for damages sustained by the Dodge automobile. After trial, the district court rendered judgment in which both drivers were held guilty of negligence and accordingly the judgment rejected the principal and recon-ventional demands. From the decree plaintiffs have appealed and defendants have answered the appeal to preserve their counterclaims.
The claims litigated arise out of an automobile accident in the City of West Monroe at the intersection of Trenton and Bridge Streets at about 1:00 o’clock A.M. on October 8, 1955. The Davis vehicle was at the time being driven by F. B. Davis, Jr., a minor residing with his father, F. B. Davis, with the latter’s consent.
The issues herein presented are largely factual. The written reasons for judgment of the judge a quo reflect careful examination and analysis of the evidence adduced upon the trial. The judge determined Davis was negligent in failing to keep a proper lookout and by driving into the intersection in the face of oncoming traffic when it was unsafe to do so. Ellis, the operator of the Mercury automobile, was held to be at fault in failing to observe the approach of the Davis vehicle and by driving in a reckless and negligent manner which caused him to swerve his vehicle from the inside lane into the outside lane of the two westbound traffic lanes where it struck the stationary or almost stationary Davis automobile.
Before this court the litigants renew their charges and comiter charges of negligence, each asserting the judgment should be altered in their favor. Ellis and his insurer argue the sole and proximate cause of the collision is attributable to the negligent acts of Davis: in failing to respect a superior right of way accorded the Mercury automobile, in not maintaining a proper lookout for approaching traffic, and in not keeping his car under proper control. The position assumed by defendants is that Ellis was negligent in operating his vehicle in a gross and reckless manner without keeping a proper lookout; in violating the ordinance of the City of West Monroe by operating his car at a rate of speed of 50 miles per hour; in losing control of his vehicle and swerving it from the south to the north of the two westbound lanes of Bridge Street. Finally, it is alleged Ellis was negligent in failing to apply his brakes and maintain his car under proper control. These identical charges were incorporated in an alternative special plea of contributory negligence.
The testimony of city patrolmen H. L. McPhail and Ray Wilds of the City of West Monroe describes the scene of the accident, and places the point of impact between the vehicles involved in the northwest quadrant of the intersection of Trenton and Bridge Streets. The east end of Bridge Street commences at a traffic bridge across the Ouachita River and extends westward. It is a component of U. S. Highway No. 80. The surface of the street is of concrete slab construction and carries four traffic lanes, the two north lanes being dedicated to westbound traffic and the two south lanes to eastbound traffic. Trenton Street runs north and south, is a two-lane street and of asphalt construction. It is one of the main business streets of the City of West Monroe and intersects Bridge Street at a point approximately 50 feet from the Ouachita River bridge.
*689 Suspended over the subject intersection were four four-way traffic lights, but at the late hour of night when the accident occurred they were not operating fully, but were flashing or blinking a yellow caution to traffic moving east and west on Bridge Street and a red light to traffic moving north and south on Trenton Street. The surface of the highway in the center of the Ouachita River bridge is higher than that of the West Monroe streets and so a motorist in proceeding westerly over the bridge as he nears its western -end moves downgrade. At the time of the accident atmospheric conditions were normal. The weather was clear and street surfaces dry.
Davis, just prior to the accident, was traveling south on Trenton Street and arrived at the intersection with Bridge Street. He was accompanied by Anita Dell Allen, who was seated on the front seat to his right. On the rear seat were Walter Gas-ter and Betty Montrozas. The two couples were proceeding to the home of Betty Mon-trozas after attending a high school dance at the West Monroe High School. These witnesses testified that upon arriving at the bridge intersection the Dodge car was brought to a stop a few feet south of the north edge of Bridge Street when they observed the Mercury approaching at a high rate of speed. They further testified that just before the collision the Mercury, driven by Ellis, swerved as if out of control, from the south of the two lanes serving westbound traffic and entered the outside lane where it struck the, Davis car. In explaining why he had entered the intersection before bringing his car to. a stop, Davis testified there were obstructions which prevented his observation of traffic approaching from his left until he arrived at that point. Davis and Miss Allen estimated the velocity of the Mercury as being in excess of SO miles per hour.
Ellis, accompanied by Bunny Rhodes, was returning to Winnfield, Louisiana, after having come to Monroe and attended a football game at the colored high school, after which they attended a social at the school. They were on their way back to Winnfield at the time of the collision. Both testified the Mercury automobile was being driven IS to 20 miles per hour as it crossed the Ouachita River bridge and was occupying the south lane of the two westbound traffic lanes of Bridge Street. They related that they observed the Dodge automobile in front of them in their traffic lane, and Ellis swerved his car in an attempt to avoid the collision. Corroborative testimony was given by Camille Nash and Charles Roy Sherman, colored youths who had attended the football game in West Monroe and were at the time of the accident in another motor vehicle following the Ellis automobile.
The two city police officers, H. L. Mc-Phail and Ray Wilds, were near the scene of the accident at the time of the collision and arrived at the intersection of Bridge and Trenton Streets three minutes later. These officers established the exact point of impact as being at a point approximately three feet south of the north line of Bridge Street and in the southbound or west lane of Trenton Street. Their resolution of this fact was occasioned by the finding of debris and physical evidence such as glass and mud deposits upon the surface of the street at the locus of the collision.
Counsel stipulated the cost of repairing the damages sustained by each car as $574.66 to the Ellis automobile, and $918.63 to the Dodge sedan. The extensive nature of the damage inflicted would seem to indicate the Ellis car was traveling at a rapid rate of speed.
The testimony relating to speed and as to the position of the Davis car at the moment of the collision is most contradictory. The trial judge resolved, and we approve of the finding, that there can be but little doubt as to the location of the point of impact for this was definitely fixed by the police officers as being in the northwest quadrant of the intersection, approximately three feet south of the north line of Bridge Street. It was conclusively established Ellis was traveling in the southern of the two north traffic *690 lanes of Bridge Street as he approached Trenton Street. The record discloses no vehicles traveling east were meeting Ellis. These proven facts show that Ellis for some ■unexplained reason swerved his automobile from the inside traffic lane to the outside traffic lane when there was no occasion to do so and this was a proximate cause of the accident.
As hereinabove mentioned the issues are purely factual. Our examination of the testimony discloses no error in the findings of the trial judge and we approve of his resolution of the case.
In brief and argument counsel for appellants assert the judgment is in error in assessing in toto costs of the suit against the appellants. It is argued the costs should be divided for the reason that the defendants Davis and his insurer filed and prosecuted reconventional demands. Counsel point out that under the provisions of LSA-R.S. 13 :4444 this court may tax the costs of the suit in a manner which in its judgment may be deemed equitable, and this court should exercise this discretionary power by dividing the costs equally.
In a recent decision by this court, Fletcher v. Allstate Insurance Company, La.App., 1956, 88 So.2d 445, 449, we held the costs incurred should not have been apportioned by the trial court, saying:
“Article 549 of the Code of Practice provides that in every case the costs shall be paid by the party cast, except where compensation has been allowed, or real tenders made, or as otherwise provided in the Code. This rule is binding upon all trial courts. Kilcrease v. Ouachita Coca Cola Bottling Co., La. App., 1939, 197 So. 165; Crespo v. Viola, 1922, 152 La. 1088, 95 So. 256. The judgment from which appealed should be amended to provide that plaintiff’s demands are rejected at his cost.”
Although we observe that in the cited case a reconventional demand was not at issue, whereas in the instant case the defendants have asserted such demands, the record herein indicates plainly no substantial costs were occasioned by the institution of the re-conventional demands. These claims involved the cost of repairs to the Dodge automobile and the correctness of the claims were agreed upon in advance of trial and stipulated in the record. Further supporting testimony or additional pleadings were not required. We think plaintiffs were properly cast for all of the costs when their principal demand was dismissed.
The judgment from which appealed was predicated upon the findings of the trial court that both motorists were negligent, and that the negligence of each was a proximate cause of the resulting accident sufficient to bar his recovery. We have approved of the holding of the judge a quo for the reasons hereinabove set forth, and, therefore, the judgment will be affirmed at appellants’ costs.