AYRES, Justice.
Allstate Insurance Company, as subrogee of its assured, Boyd R. White, and said subrogor, plaintiffs in the main demand, defendants in a reconventional demand, prosecute this appeal from an adverse judgment rejecting the demands of plaintiffs-appellants and awarding judgment in favor of defendant, plaintiff in reconvention, Employers Liability Assurance Corporation, Ltd., as subrogee of its assured, George S. Lewis, and for the use and benefit of Lewis for the amount of his deductible.
The position of the appellants on their appeal is that the judgment awarding damages to the owners and insurer of the vehicle which made a sudden left turn directly across the path and lane of the vehicle *853 •owned by Boyd R. White is erroneous. No contest exists as to these facts: that the accident occurred at approximately 8:00 •o’clock A.M., January 31, 1957, on Cypress Street, a segment of U. S. Highway 80, a four-lane thoroughfare through the City •of West Monroe, Louisiana, at the intersection of said Cypress Street and Travis Street. Cypress Street, of concrete construction, is 40 feet wide, and, in the area where the accident occurred, takes a general north and south course. Travis Street, surfaced with asphalt, is about 18 feet in width. The traffic at this point is controlled by an automatic traffic light.
Neither is there any serious dispute as to the manner in which the accident occurred. On the morning of the accident, Anna Beth Lewis was operating the 1950 Dodge automobile owned by her father, George S. Lewis, in a northerly direction on Cypress Street. As she approached the aforesaid intersection Miss Lewis directed her car into the left, or inside, lane for northbound traffic and stopped on the red signal light as the first or northernmost car. As she awaited a change in traffic signals she activated her turn signal, indicating her intention to make a left-hand turn, whereupon, as the traffic light changed, the driver of the first car in the inside lane facing Miss Lewis motioned or signaled her to proceed with her left-hand turn. After commencing this turn, and after entering the outside lane of southbound traffic on Cypress Street, Miss Lewis observed the White car, •driven by Mrs. Crotia B. White, approaching from the north, whereupon she speeded up in an effort to complete the negotiation of the intersection ahead of Mrs. White and to thereby avoid a seemingly impending collision. However, just prior to a completion of the intersection, the White car struck the rear right fender of the Lewis car, knocking it into a Jeep station wagon of John E. Moore, stopped a few feet from the intersection on Travis Street awaiting a favorable light to proceed. The damage to the White car required an expenditure for repairs aggregating $118.21 and to the Lewis car $138.01.
The only facts apparently in dispute are that Mrs. White was not maintaining a proper lookout for approaching traffic, and particularly for the Lewis vehicle stopped at the intersection for the purpose of, and later in the act of, negotiating a left-hand turn, and that the speed of the White vehicle, of 15 to 19 miles per hour, was excessive under the conditions existing at the time, since it was raining. The record establishes there were some three or four cars on the inside lane proceeding south, and thereby facing Miss Lewis, to the right of which Mrs. White passed before the occurrence of the collision in her lane of traffic in the intersection.
For determination is the question of negligence, vel non, of Mrs. White and of Miss Lewis in relation to the proximate cause of the accident. The facts establish conclusively that Miss Lewis was negligent in attempting a left-hand turn. There is no evidence she made any observation as to traffic approaching in the westernmost lane of traffic prior to her entrance into the intersection and commencement of a left turn. According to her own testimony she was in the outside lane of traffic before seeing the White car. That the driver of the foremost vehicle, in a tier of three or four cars stopped in the inner lane, motioned for Miss Lewis to proceed, does not relieve her of the duty and obligation to make proper observation of her own as to the approaching traffic in the outer lane of which she was about to cross. Her failure in that respect constitutes negligence.
Appropriate here is the expression of the Supreme Court in Washington Fire & Marine Ins. Co. v. Firemen’s Insurance Co., 232 La. 379, 94 So.2d 295, 296, 297:
“The cases are legion which hold that before making a left turn the driver of an automobile must ascertain that he may do so safely; not only is *854 this cardinal rule of the road founded on common sense, but in , our State is a positive enactment, incorporated in the Revised Statutes as R.S. 32:235, by the terms of which it is the mandatory duty of the driver of any vehicle on the highways of this State to ascertain, before turning upon any highway, that there is no traffic, vehicular or pedestrian, approaching from either direction which will be unduly delayed; and said driver ‘shall yield right-of-way to such approaching traffic and shall not attempt to make a turn unless the way is clear.’ (Emphasis ours.) Among pertinent cases are Lane v. Bourgeois, La.App., 28 So.2d 91; Home Insurance Co. v. Warren, La.App., 29 So.2d 551; Michelli v. Rheem Mfg. Co., La.App., 34 So.2d 264; Malone v. Fletcher, La.App., 44 So.2d 352; Zurich Fire Ins. Co. of New York v. Thomas, La.App., 49 So.2d 460; and Codifer v. Occhipinti, La.App., 57 So.2d 697. In the last cited case the Court of Appeal for the Parish of Orleans aptly stated that ‘When such a left-hand turn is being made and an accident occurs, the burden rests heavily on the driver who is making the left-hand turn to explain how the accident occurred and to show that he was free from negligence.’ 57 So.2d at page 699.”
The defendant contends, however, that under the provisions of LSA-R.S. 32:237 B, reading as follows:
“The driver of a vehicle approaching hut not having entered an intersection shall yield the right of way to a vehicle within such intersection and turning therein to the left across the line of travel of his vehicle; provided, the driver of the vehicle turning left has given the signal required by R.S. 32.236”,
Miss Lewis, by her prior entrance into the intersection, after having given signals indicative of her intention to make a left turn, acquired a superior right of way which should have been recognized and accorded her by the driver of the White car. Cited as supporting this proposition are White v. Neff, La.App., 11 So.2d 289, and Kelly v. Neff, La.App., 14 So.2d 657, which actions arose from the same accident. These cases are clearly distinguishable from the instant case on the facts. There it was held that a truck driver, who observed an automobile at a distance of 450 feet and was not aware of its excessive speed, was justified in believing that the driver was approaching in a lawful manner and there was sufficient time for him to safely negotiate a left turn. The aforesaid statute must be construed in connection with LSA-R.S. 32:236 A, which, so far as pertinent, reads as follows:
“The driver of any vehicle upon a highway of this state, before starting, stopping or turning from a direct line shall first see that such movement can be made in safety, * *
The statute relied upon has no application to the situation here where the approaching traffic was so near as to render dangerous the attempt at a left turn. Obviously, the statute would only have application in situations where the oncoming or approaching traffic is at such distance and is traveling at such rate of speed that a reasonably prudent person, on surveying the situation, would conclude he had ample time and opportunity to make the turn in safety and without obstructing normal oncoming and approaching traffic.
Equally well established is the negligence of Mrs. White, wife of plaintiff’s assured, as a proximate contributing cause of the accident. We concur in the reasons assigned by the trial court in so holding. Mrs. White testified that as she proceeded south on Cypress Street, some 15 to 19 miles per hour, she never saw the Lewis car stopped at the intersection or later in the act of making a left turn, nor until it appeared directly in front of her. Her *855 testimony was that when she looked up she saw the car right in front of her, which clearly indicates she was not maintaining a proper lookout, although she was aware of, or should have been aware of, the string of cars in the inner lane adjacent to her stopped and their failure to proceed on a favorable light.
These facts present a situation comparable to the circumstances shown to have existed in Sullivan v. Locke, La.App., 73 So.2d 616, 622. There Mrs. Sullivan, while driving easterly on Barksdale Boulevard in Bossier City, a four-lane thoroughfare, failed and neglected to see an approaching vehicle make a left turn'at an intersection in time to avoid a collision, notwithstanding the traffic in the lane to her left, that is, the inner lane, continued stationary, although they had a favorable light. (Mrs. Sullivan was traveling in the outer lane.) There, as here, the driver’s view may have been partially or temporarily obstructed before her approach to the intersection by the line of cars to her left. The view of neither, however, was not so obstructed immediately prior to her entrance into the intersection. In the event of an obstruction, it was the duty of the driver to exercise precaution commensurate with the danger without regard to the superiority of the right of way by keeping a constant and vigilant lookout so as to be able to stop instantly in case of an emergency. In the Sullivan case we stated:
“We are not justified in holding that plaintiff was not under some duty and responsibility of making some, even though slight, observations at the intersection, especially in view of the fact that she knew that the line of traffic to her left was halted for some reason, which was sufficient to place her on guard.”
Mrs. Sullivan was held guilty of contributory negligence barring plaintiff’s recovery. See Thomas v. Roberts, La.App., 144 So. 70; Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292, 294.
In the latter case it was said:
“It can not and will not be disputed that a motorist, who recklessly and without exercising some degree of caution enters an intersection on a favorable light, is not free from negligence if he collides with another motorist who enters an intersection on an unfavorable light. And it can not and will not be disputed that a motorist can not, in the face of imminent danger, rely upon the right of way accorded him by law.”
See also Newspaper Production Co. v. Taylor, La.App., 83 So.2d 475; Fletcher v. Allstate Insurance Co., La.App., 88 So.2d 445; Moncrief v. Lacobie, La.App., 89 So.2d 471.
In the Fletcher case, in commenting upon the Taylor case, this court stated [88 So.2d 448]:
“Negligence was imposed on the driver of plaintiff’s truck for proceeding past lines of stopped vehicles at an intersection without the exercise of unusual care and in failing to perceive the entrance into the intersection of a vehicle engaged in negotiating a left turn.”
The conclusion is thereby inescapable that defendant’s assured’s driver was guilty .of negligence in attempting a left turn on a main thoroughfare without keeping a proper lookout and at a time when it was unsafe to do so by reason of the nearness of the approach of oncoming traffic, and that such negligence constituted a proximate cause of the accident. The conclusion is likewise inescapable that plaintiff’s assured’s driver was also negligent in failing to keep and maintain a proper lookout and to make some observation of the Lewis car in the act of making a left turn until momentarily before the impact of the collision. Such negligence was, at least, a proximate contributing factor. Hence, neither party is entitled to recover.
*856 For these reasons the judgment appealed is affirmed so far as rejecting plaintiffs’ demands against the defendant and reversed insofar as in favor of defendant in reconvention, and, accordingly, the judgment in favor of Employers Liability Assurance Corporation against Allstate Insurance Company and Boyd R. White be, and the same is hereby, annulled, avoided, reversed and set aside and its reconven-tional demands be, and they are hereby, rejected and dismissed.
The judgment appealed in all other respects is affirmed.
Affirmed in part, reversed in part, and rendered.